ALEX POLL ET AL. *v.* ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE No. 23741
NEW HAVEN

Memorandum filed August 10, 1984

*Johnson & Sawyer,* for the plaintiffs.

*Joseph I. Lieberman,* attorney general, and *Richard Sponzo* and *Robert E. Walsh,* assistant attorneys general, for the defendant.

NORCOTT, J. This is an appeal pursuant to General Statutes § 31-249b from the denial of federal trade readjustment allowances by the defendant, the Administrator of the Unemployment Compensation Act.

The Trade Act of 1974; 19 U.S.C. § 2101 et seq.; provides federally funded benefits, which are in addition to state unemployment compensation, to workers who are permanently or temporarily laid off because of foreign competition. See *International Union, United Auto, Aerospace & Agricultural Implement Workers of America* v. *Donovan,* 554 F. Sup. 1172 (D.D.C. 1983); *Woodrum* v. *Donovan,* 544 F. Sup. 202, 203 (Ct. Int'l. Trade 1982). This assistance program is funded by the federal government, but administered by state unemployment agencies, which act as agents for the United States. 19 U.S.C. § 2311. The major benefit under the program is trade readjustment allowances (TRA). Workers apply for TRA by filing with the United States secretary of labor (secretary) a "petition for a certification of eligibility to apply for adjustment assistance." 19 U.S.C. § 2271. The secretary then determines, using statutory standards, whether the workers were laid off or threatened with a lay-off because of foreign competition. 19 U.S.C. § 2272. If the secretary makes such a determination, he then issues a certificate of eligibility, which designates through an "impact date" the date workers can start receiving TRA. 19 U.S.C. § 2273. The certificate of eligibility itself does not entitle workers to TRA, but rather allows those covered by the certificate to apply for such assistance at any time during their period of eligibility. *Lloyd* v. *United States Department of Labor,* 637 F.2d 1267, 1268 (9th Cir. 1980). Under the 1974 act, workers could receive a week of TRA for each week they were laid off up to, in most cases, a maximum of fifty-two weeks. 19 U.S.C. § 2293 (a). Workers had two years within which to exhaust their fifty-two weeks worth of TRA. 19 U.S.C.

§ 2293 (b) (1). This two year period, however, would start running with the "appropriate week," which was defined as the most *recent* week of a total or temporary lay-off. 19 U.S.C. § 2293 (4). Thus, every time a worker was laid off, he would establish a new two year period during which he could receive the balance of his fifty-two weeks worth of TRA. See S. Rep. No. 97-103, 97th Cong., 1st Sess. 3 (1981).

In 1981, as part of the Omnibus Budget Reconciliation Act (Omnibus Act), Pub. L. No. 97-35, Congress amended the Trade Act of 1974 and substantially reduced the scope of TRA benefits. *International Union, United Auto, Aerospace & Agricultural Implement Workers of America* v. *Donovan,* supra, 1172–73. Section 2505 (a) (2) of the Omnibus Act amended 19 U.S.C. § 2293, as follows: "(a) (2) A trade readjustment allowance shall not be paid for any week after the 52-week period beginning with the first week following the first week in the period covered by the certification with respect to which the worker has exhausted (as determined for purposes of [19 U.S.C. 2291 (a) (3) (B)]) all rights to that part of his unemployment insurance that is regular compensation." This amendment limits the duration and amount of TRA available to a worker by requiring him to "exhaust TRA *within 52 weeks* after the worker had exhausted all rights to regular unemployment compensation." (Emphasis added.) S. Rep. No. 97-103, 97th Cong., 1st Sess. 5 (1981). This amendment eliminates the language that allowed a worker two additional years after each lay-off in which to collect the balance of his fifty-two weeks of TRA. Section 2514 of the Omnibus Act makes the amendment made by § 2505 applicable to "trade readjustment allowances payable for weeks of unemployment which begin after September 30, 1981."

The present appeal arises from the application of the amendment made by § 2505 of the Omnibus Act.

The following facts are pertinent to this appeal. The plaintiffs were employees of Armstrong Rubber Company, Eastern Division, West Haven (Armstrong). They were laid off for one week in November, 1978, and for another week in January, 1979. They initiated claims for state unemployment compensation on November 16, 1978. On September 21, 1978, the United States secretary of labor issued a certificate of eligibility for TRA for Armstrong workers with a retroactive impact date of June 22, 1978. The plaintiffs then applied for and received, in addition to their unemployment compensation, TRA for the two weeks they were laid off. The plaintiffs were then laid off for two weeks in February, 1980, and one week in April, 1980; they received unemployment compensation and TRA for both layoffs. At this point, the plaintiffs had received five weeks of their fifty-two weeks of TRA.

On April 3, 1981, the Armstrong plant closed, and the plaintiffs were permanently laid off. The plaintiffs then filed new claims for state unemployment compensation, which established a new benefit year for state benefits, and applications for a continuation of their TRA, which they began to receive again. On September 30, 1981, after the plaintiffs had received only thirty-one weeks of TRA, the state department of labor informed the plaintiffs that they would receive no more TRA for the following reason: "In accordance with [19 U.S.C. § 2293 (as amended by § 2505 of the Omnibus Act, Pub. L. 97-35)], your TRA benefit period has been redefined as the 52-week period effective 11-25-79, based on your initial TRA qualifying separation of 11-24-78. Since this period has lapsed, your TRA eligibility expires October 3, 1981."

Each plaintiff filed an appeal with the unemployment compensation commission which denied their claims for continued benefits. The appeals referees dismissed their appeals and the employment security board of review

affirmed those decisions. The plaintiffs appealed to the Superior Court which remanded the cases for de novo hearings. Following a new hearing, the named plaintiff's appeal was dismissed. The referee found that "[t]he [named plaintiff] filed an initiating claim for state unemployment compensation benefits effective November 26, 1978" and that he had exhausted all his regular state unemployment compensation with regard to this first claim by November 24, 1979. The referee then applied 19 U.S.C. § 2293 (a) (2) as amended by § 2505 of Pub. L. 97-35 and determined that the named plaintiff had fifty-two weeks after November 24, 1979, within which to collect his TRA. Because that fifty-two week period had lapsed, the referee ruled that the administrator had correctly terminated the named plaintiff's TRA. The referee refused to use his second period of unemployment established by his claim filed April 3, 1981, as the period by which to measure when TRA should terminate because 19 U.S.C. § 2293 (a) (2), as amended, prohibits the payment of TRA beyond the fifty-second week "following the *first week* in the period covered by the certification." (Emphasis added.)

On motion by all the plaintiffs, the employment security board of review transferred all the cases to itself, adopted the findings of the referee in the named plaintiff's hearing as applicable to all the plaintiffs and affirmed the referee's dismissal of the appeal. The board reasoned that the claimants established their initial TRA entitlement on the basis of their separation from Armstrong Rubber Company on November 24, 1978. Their then existing unemployment compensation benefit year was effective November 26, 1978, and expired on November 24, 1979. The first week of the period covered by the claimants' TRA certification with respect to which the claimants had exhausted their regular unemployment compensation entitlement was the week ending November 24, 1979. Clearly, the fifty-

two week period beginning with the first week following the week ending November 24, 1979, extended from November 25, 1979, to November 24, 1980. By operation of 19 U.S.C. § 2293 (a) (2) as amended by § 2505 of Pub. L. 97-35, the payment to the claimants of TRA after November 22, 1980, would be proscribed. The initiation of unemployment compensation claims in April, 1981, by the claimants and the accompanying redetermination of TRA entitlement had no relevance to the application of amended 19 U.S.C. § 2293 (a) (2) made in the September 30, 1981 determination.

The plaintiffs now appeal these decisions and contend that there was no evidence to substantiate the referee's finding that the entitlement period ended November 29, 1980. They further contend that the referee erroneously concluded that the named plaintiff had exhausted all his regular unemployment compensation as of November 24, 1979.

"In appeals of this nature, the Superior Court does not try the matter de novo. It is bound by the findings of subordinate facts and the reasonable conclusions of fact made by the appeals referee, where, as is true here, the board of review adopted the findings and affirmed the decision of the referee. . . . The court's function is to determine, on the record, whether the referee acted unreasonably, arbitrarily or illegally. Conclusions of law reached by the referee must stand if they resulted from a correct application of the law to the facts found and could reasonably and logically follow from such facts." *Robinson* v. *Unemployment Security Board of Review*, 181 Conn. 1, 4-5, 434 A.2d 293 (1980); see also Practice Book § 519; *DaSilva* v. *Administrator*, 175 Conn. 562, 564, 402 A.2d 755 (1978); *Guevara* v. *Administrator*, 172 Conn. 492, 495-96, 374 A.2d 1101 (1977).

The referee made the following finding of fact: "2. The claimant established a valid TRA entitlement effective November 19, 1978. The benefit period under said entitlement ended November 29, 1980." The plaintiffs contend that there was no evidence presented to support this original finding and request the court to make the following substituted finding: "2. The claimant established a valid TRA entitlement effective September 21, 1979. The benefit period to apply for benefits ended September 21, 1981."

At the hearing, it was established that the secretary of labor issued the certificate of eligibility on September 21, 1979, but with a retroactive impact date of June 22, 1978. It was also established that the named plaintiff received TRA for his first week of unemployment that began November 19, 1978. This court finds that the plaintiffs' entitlement period began on the date of their first TRA payment, and not on the date of certification, as the plaintiffs contend in their requested finding of fact. Under the plaintiffs' requested finding, they would have received TRA payments before they were entitled to them. Thus, the referee's original finding of fact was correct.

In determining that the named plaintiff had exhausted his regular state unemployment compensation as of November 24, 1979, the referee referred to the definition of "exhaustee" in General Statutes (Rev. to 1979) § 31-232b (a) (11) because the federal law does not define "exhausted." The plaintiffs contend that the referee misapplied § 31-232b (a) (11) because subsection (C) provides that a person has not exhausted his unemployment compensation if he still has a right to benefits under the Trade Act of 1974 and, as of November 24, 1979, the plaintiffs had rights to such benefits.

The plaintiffs' argument overlooks, however, that 19 U.S.C. § 2293 (a) (2) as amended by § 2505 of Pub. L.

97-35 refers specifically to the exhaustion of that "unemployment insurance that is *regular* compensation." (Emphasis added.) 19 U.S.C. § 2319 as amended by § 2511 of Pub. L. 97-35 provides that "regular compensation" as used in the Trade Act of 1974, as amended, has the same meaning as in § 205 (2) of the Federal-State Extended Unemployment Compensation Act of 1970, Pub. L. 91-373. That section provides: "The term 'regular compensation' means compensation payable to an individual under any *State* unemployment compensation law . . . other than extended compensation and additional compensation." (Emphasis added.) 84 Stat. 695, § 205 (2). "Regular compensation," therefore, is limited to state funded compensation and does not include federal funded compensation. Because the plaintiffs had no more *state* unemployment compensation available as of November 24, 1978, the referee was correct in determining that the named plaintiff had exhausted all of his regular compensation as of that date.

Under 19 U.S.C. § 2293 (a) (2), as amended by § 2505 of Pub. L. 97-35, the plaintiffs therefore had to exhaust all of their TRA benefits within fifty-two weeks of November 24, 1979. The administrator did not act arbitrarily or illegally in terminating plaintiffs' TRA payments as of October 3, 1981.

Accordingly, the appeal is dismissed.