ALEX POLL ET AL. *v.* ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT
(3521)

HULL, BORDEN and DALY, Js.

Argued June 11—decision released October 1, 1985

*Colin D. Johnson,* with whom, on the brief, was *Clarence E. Sawyer, Jr.,* for the appellants (plaintiffs).

*Richard T. Sponzo,* assistant attorney general, with whom, on the brief, were *Joseph I. Lieberman,* attor-

ney general, and *Robert E. Walsh,* assistant attorney general, for the appellee (defendant).

PER CURIAM. The plaintiffs were employees of the Armstrong Rubber Company at its eastern division facility located in West Haven.[1] The following facts, adopted by the trial court in its memorandum of decision, were derived from the appeal referee's findings of facts, the transcript of the hearing, and the record prior to the time the cases were consolidated. See footnote 1, supra. The named plaintiff, Alex Poll, was laid off from work for one week in November, 1978, and for another week in January, 1979. Poll filed a claim for state unemployment compensation benefits on November 16, 1978. On September 1, 1979, the United States secretary of labor issued a certificate of eligibility for trade readjustment allowances (TRA) for Armstrong workers with a retroactive impact date of June 22, 1978. TRA are federally funded benefits provided, pursuant to the Trade Act of 1974, 19 U.S.C. § 2101 et seq., in addition to state unemployment compensation, to workers who are permanently or temporarily laid off because of foreign competition.

Poll applied for and received TRA for the above mentioned two weeks in addition to state unemployment compensation benefits. When Poll was laid off for two weeks in February, 1980, and one week in April, 1980, he also received double benefits for these weeks. His total TRA benefits encompassed five of his eligible fifty-two weeks. On April 3, 1981, the Armstrong plant was closed and Poll was permanently laid off. Poll filed a new claim for unemployment compensation benefits, which established a new benefit year for state bene-

---

[1] The employees' cases were consolidated before the board of review of the employment security appeals division since they involved the same issue and arose out of the same plant closing. The facts found applicable to the named plaintiff apply as well to all plaintiffs.

fits, and applied for a continuation of his TRA benefits, which he commenced to receive again.

In 1981, the Trade Act of 1974 was amended by Congress, effective August 13, 1981, to provide: "A trade readjustment allowance shall not be paid for any week after the 52 week period beginning with the first week following the first week in the period covered by the certification with respect to which the worker has exhausted . . . all rights to that part of his unemployment insurance that is regular compensation." 19 U.S.C. § 2293 (a) (2). Thereafter, on September 30, 1981, Poll was informed by the state department of labor that "[i]n accordance with [19 U.S.C. § 2293] your TRA benefit period has been redefined as the 52 week period effective 11-25-79, based on your initial TRA qualifying separation of 11-24-78. Since this period has lapsed, your TRA eligibility expires October 3, 1981."

The administrator found, and the appeals referee affirmed, that Poll had filed an initiating claim for state unemployment benefits, effective November 26, 1978, and that he had exhausted all his regular state unemployment compensation benefits with regard to this first claim by November 24, 1979. Thus, it was determined that Poll had fifty-two weeks after November 24, 1979, within which to collect his TRA. Since that period had lapsed, Poll's benefits were terminated. On appeal, Poll claims that his valid TRA entitlement date was September 21, 1979, and that his benefit period ended on September 21, 1981.

We have reviewed the record and after considering the briefs and arguments of the parties, we have concluded that there is no error in the judgment from which the appeal was taken, and that the well-reasoned, thorough and detailed memorandum of decision filed by the trial court; *Poll* v. *Administrator,* 40 Conn. Sup. 305, 498 A.2d 1050 (1985); fully expounds upon and

answers the arguments of the plaintiffs. See *Herold Fund, Inc.* v. *Commissioner of Revenue Services,* 2 Conn. App. 660, 481 A.2d 761 (1984). We adopt the trial court decision as a statement of the facts and the applicable law, as it would serve no useful purpose to repeat them here.

There is no error.

