[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR JUDGMENT
I.
The plaintiff, Richard Zona, brings this action pursuant to General Statutes, 31-249b appealing the defendant Administrator's decision ruling plaintiff ineligible for unemployment benefits. The Administrator's ruling had been affirmed previously by an CT Page 33 Appeals Referee and the Referee's decision was affirmed by the employment security board of review. Defendant has filed his motion for judgment. The parties appeared and were heard by the court on November 27. 1990.
 II.
Plaintiff was an employee of U.S. Repeating Arms Company. On May 23, 1989, following a dispute with his foreman he quit his job. Plaintiff's claim for unemployment benefits was denied on a finding that plaintiff left suitable work voluntarily and without sufficient cause. (General Statutes, 31-236(a)(2)(A)).
Plaintiff claimed that he had an on-going problem with his foreman; that the dispute of May 23, 1989 was the third or fourth such incident.
On May 23, following the dispute plaintiff met with the foreman and his union steward, at which time the foreman indicated he would issue a written warning against plaintiff. Plaintiff became persuaded that the foreman wished to harass plaintiff into quitting or to goad plaintiff into doing "something rash" which could serve as a basis to fire plaintiff. Plaintiff resigned his job, effective immediately.
The defendant found that while plaintiff had legitimate grievances with respect to the foreman plaintiff had failed to utilize the available grievance procedure before quitting. Specifically, following the unsatisfactory meeting with his union steward and the foreman, plaintiff failed to file a grievance, and failed to bid on other comparable jobs with the same employer.
Plaintiff argues he followed the established practice by meeting with his steward and the foreman. He argues that no one offered him another job at the time he quit, nor were such comparable jobs available.
 III.
The function of this court in an appeal brought from a decision of the Administrator is delineated in Practice Book, 519.
"The court does not retry the facts or hear evidence. It considers no evidence other than that certified to it by the board and then for the limited purpose of determining whether the finding should be corrected, or whether there was any evidence to support in law the conclusions reached. It cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses." CT Page 34
 IV.
After review of the record the court finds there were sufficient facts found in the record to support the referee's decision, affirmed by the board of review. The plaintiff has failed to prove that said decision was illegal, arbitrary, capricious and contrary to law. Poll v. Administrator, 40 Conn. Sup. 305,310. Likewise, plaintiff has failed to show that the board of review acted illegally, arbitrarily or capriciously in denying plaintiff's request to present additional evidence or testimony.
Accordingly, plaintiff's appeal is dismissed. Defendant's motion for judgment is granted. Judgment may enter in favor of the defendant Administrator, Unemployment Compensation Act as against the plaintiff, Richard Zona.
JOHN T. DOWNEY, JUDGE