## THE HEROLD FUND, INC. *v.* COMMISSIONER OF REVENUE SERVICES

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE No. 231204
HARTFORD-NEW BRITAIN AT HARTFORD

Memorandum filed January 12, 1982

*Cummings & Lockwood,* for the plaintiff.

*Robert Klein* and *Ralph G. Murphy,* assistant attorneys general, for the defendant.

CHARLES S. HOUSE, STATE REFEREE. This appeal from a decision of the commissioner of revenue services was referred to the undersigned state referee for hearing and judgment and came on for hearing on December 8, 1981, when the parties appeared by counsel and were fully heard.

The parties filed a stipulation of facts which may be summarized as follows: The plaintiff, The Herold Fund, Inc., is a corporation organized under the laws of the state of Maryland and is duly authorized to conduct business in Connecticut. Its principal place of business is in the town of Greenwich, Connecticut.

During the plaintiff's taxable years ending June 30, 1975, and June 30, 1976, the plaintiff was a "regulated investment company" as defined in § 851 of the federal Internal Revenue Code. In each of those taxable years the plaintiff failed to distribute 90 percent of its "investment company taxable income" as defined in § 852 of the Internal Revenue Code.

On or before the due dates, the plaintiff filed its Connecticut corporation business tax returns for the years ending June 30, 1975, and June 30, 1976. On account of its failure to distribute investment company taxable income during those taxable years, the plaintiff did not claim a deduction for dividends paid under § 852 of the Internal Revenue Code for federal income tax purposes and consequently did not claim a deduction from gross income for dividends paid under General Statutes (1958 Rev.) § 12-217.

The plaintiff filed its Connecticut corporation business tax returns for the years in question as a general business corporation; accordingly, in calculating its tax base, the plaintiff took a reduction for its holdings of stock in private corporations, as provided in General Statutes (1958 Rev.) § 12-219 (1) (A) (b).

On January 10, 1978, the tax department of the state of Connecticut mailed a statement of amount due on corporation business tax to the plaintiff stating that additional Connecticut corporation business tax was owed by the plaintiff for the taxable years in question because the plaintiff was treated as a "regulated investment company . . . entitled to a deduction under § 12-217 for dividends paid," and hence not entitled to a reduction in its tax base for holdings of stock in private corporations under General Statutes (1958 Rev.) § 12-219 (1).

On February 3, 1978, the plaintiff, pursuant to General Statutes (1958 Rev.) § 12-236, requested a hear-

ing before the commissioner of revenue services to determine the proper Connecticut corporation business tax due for the taxable years in question. A hearing was held pursuant to that request on February 15, 1979, at which time the plaintiff's counsel met with officials of the state department of revenue services to resolve the controversy. On March 12, 1979, the commissioner of revenue services, pursuant to General Statutes (1958 Rev.) § 12-236, mailed notice to the plaintiff stating that he had determined that the plaintiff was subject to the additional tax as determined in the statement of January 10, 1978.

On this appeal it is the contention of the plaintiff that the determination of the commissioner of revenue services as to the tax treatment of the plaintiff under the Connecticut corporation business tax; General Statutes §§ 12-213 et seq.; was unlawful.

The merits of the plaintiff's appeal depend upon a proper interpretation of the governing statutes which, in turn, required in the first instance an examination of those statutes in their context as part of the state's provisions for taxation and, in this case, an examination of applicable federal tax statutes since, as the parties have stipulated, the plaintiff was at the time in question a " 'regulated investment company' as defined in Sec. 851 of the federal Internal Revenue Code."

Internal Revenue Code § 852 (a) (1) provides that the provisions of part I of subchapter M relating to regulated investment companies shall not be applicable to regulated investment companies for a taxable year unless (1) the deduction for dividends paid during the taxable year equals or exceeds the sum of (a) 90 percent of its investment company taxable income for the taxable year. It is also of more than passing significance that the relevant treasury regulation, § 1.852-1 (b), expressly provides: "if a regulated investment company

does not meet the requirements of section 852 (a) and paragraph (a) (1) (i) and (ii) of this section for the taxable year, it will, even though it may otherwise be classified as a regulated investment company, be taxed in such year as an ordinary corporation and not as a regulated investment company."

It is to be noted that, as the parties have stipulated, the plaintiff did not distribute its "investment company taxable income" as defined in § 852 for the tax years in question and accordingly did not claim a deduction for dividends paid under the provisions of § 852 for federal income tax purposes. Consequently, the plaintiff did not under the provisions of General Statutes § 12-217 claim a deduction from gross income for dividends paid in its tax returns for those two years but, filing as a general business corporation, took a reduction for its holdings of stock in private corporations as provided in General Statutes § 12-219 (1) (A) (b).

Prior to 1972 the "minimum tax" imposed by the provisions of the corporation business tax; General Statutes § 12-219; applied to regulated investment companies as well as other business corporations. By Public Acts 1972, No. 126, subsection (1) of § 12-219 was amended to fix a limit on the tax liability of "any company . . . which, in arriving at net income as defined in section 12-213, is entitled to a deduction under section 12-217 for dividends paid as defined in the Federal Corporation Income Tax Law . . . ."[1]

---

[1] Public Acts 1972, No. 126, provides in pertinent part: "For each income year beginning on or after January 1, 1972, in the case of any company, except companies subject to the gross earnings taxes under chapters 211 and 212, which, in arriving at net income as defined in section 12-213, is entitled to a deduction under section 12-217 for dividends paid as defined in the federal corporation income tax law. The tax calculated under subdivision (A) of this section shall not exceed the lesser of (i) ten thousand dollars and (ii) four-tenths of one mill per dollar of the amount determined under subdivision (a) (ii) of this section; provided, where the remainder so derived as aforesaid is apportioned between this state and other states under

In 1973 the General Assembly, following the report of the governor's commission on tax reform which proposed numerous changes in the provisions of the corporation business tax, enacted Public Acts 1973, No. 73-350, entitled "An Act Concerning the Corporation Business Tax" which became applicable to income years beginning on or after January 1, 1973. It is the provisions of § 11 of this act which govern the two years, 1975 and 1976, with which the present appeal is concerned. Despite its length it appears necessary to incorporate in this opinion the full provisions of this section and the specific references to "Regulated Investment Companies" have been italicized for easier identification. Section 11 of Public Acts 1973, No. 73-350 provides:

"Sec. 11. Section 12-219 of the 1971 noncumulative supplement to the general statutes, as amended by section 1 of number 126 and section 7 of number 285 of the public acts of 1972, is repealed and the following is substituted in lieu thereof: (1) for each income year beginning on or after January 1, 1973, for [in each tax year in] which the tax calculated under subdivision (A) of this section exceeds the tax imposed by section [12-214] 6 of this act, each company subject to the provisions of this part, except building and loan associations, savings banks, Morris plan companies, corporations qualified under the laws of the United States as small business investment companies, private banks and state banks and trust companies incorporated under the laws of this

---

the provisions of section 12-220a. The tax calculated under subdivision (A) of this section for any such company shall not exceed the lesser of ten thousand dollars and the tax calculated under clause (ii) above, multiplied, in either case, by a fraction the numerator of which is the additional tax base apportioned to this state under section 12-220a and the denominator of which is the entire additional tax base."

state and production credit associations and savings and loan associations and banks incorporated under the laws of the federal government and The Connecticut Development Credit Corporation, shall pay for the privilege of carrying on or doing business within the state, in addition to the tax imposed by section [12-214] 6 of this act, an additional tax of the amount by which the tax calculated under subdivision (A) of this section for such income year exceeds the tax imposed by section [12-214] 6 of this act. *In the case of a company other than a regulated investment company* or real estate investment trust, [For such companies] *the tax calculated under this section shall be:* (A) A tax of [four mills] one-quarter of a mill per dollar for each income year of the amount derived (a) by adding (i) [the average par or face value, computed on balances at the beginning and end of the taxable year or period, of all indebtedness incurred by or assumed by such company, or which is secured by a lien or mortgage on the real or personal property of such company, and which such company can or cannot legally compel another to pay, including bonds, notes, debentures, open book accounts and advances of any nature but excluding trade accounts payable, which trade accounts are outstanding for a period of less than twelve months, accrued expenses and any evidences of indebtedness owned by, or held in trust for, such company, (ii)] the average value of the issued and outstanding capital stock, including treasury stock at par or face value, fractional shares, script certificates convertible into shares of stock and amounts received on subscriptions to capital stock; computed on the balances at the beginning and end of the taxable year or period, the average value of surplus and undivided profit computed on the balances at the beginning and end of the

taxable year or period, and [(iii)] (ii) the average value of all surplus reserves [, deferred profits and unrealized profits] computed on the balances at the beginning and end of the taxable year or period, (b) by subtracting from the sum so calculated (i) the average value of any deficit carried on the balance sheet computed on the balances at the beginning and end of the taxable year or period, and (ii) the average value of any holdings of stock of private corporations including treasury stock shown on the balance sheet computed on the balances at the beginning and end of the taxable year or period, and (c) by apportioning the remainder so derived between this and other states under the provisions of section [12-220a] 12 of this act, provided in no event shall the tax so calculated exceed one hundred thousand dollars or be less than fifty dollars. For each income year beginning on or after January 1, 1972, *in the case of any regulated investment company* or real estate investment trust, [except companies subject to the gross earnings taxes under chapters 211 and 212,] *which, in arriving at net income as defined in section [12-213] 5 of this act, is entitled to a deduction under section [12-217] 8 of this act for dividends paid as defined in the federal corporation income tax law, the tax calculated under this subdivision [(A) of this section] shall not exceed [the lesser of (i)] ten thousand dollars and [(ii)] shall be calculated* at the rate of four-tenths of one mill per dollar of the amount [determined under paragraph (a) (ii) of this section:] derived by adding the average value of the issued and outstanding capital stock including treasury stock at par or face value, fractional shares, script certificates convertible into shares of stock and amounts received on subscriptions to capital stock, computed on the balances at the beginning and end of the taxable year

or period, and the average value of surplus and undivided profits computed on the balances at the beginning and end of the taxable year or period, provided, where the remainder so derived as aforesaid is apportioned between this state and other states under the provisions of section [12-220a] 12 of this act, the tax calculated under this subdivision [(A) of this section] for any such company shall not exceed the lesser of ten thousand dollars and the tax calculated under [clause (ii) of] this sentence, multiplied, in either case, by a fraction the numerator of which is the additional tax base apportioned to this state under section [12-220a] 12 of this act and the denominator of which is the entire additional tax base. The tax shall, in no case, be less than fifty dollars for any income year. For purposes of this [section] subdivision, in the case of a new domestic [corporation] company, the balances at the beginning of its first fiscal year or period shall be the balances immediately after its organization or immediately after it commences business operations, whichever is earlier; and in the case of a foreign [corporation] company, the balances at the beginning of its first fiscal year or period in which it becomes liable for the filing of a return in this state shall be the balances as established at the beginning of the fiscal year or period for tax purposes. In the case of a domestic [corporation] company dissolving or limiting its existence, the balances at the end of the fiscal year or period shall be the balances immediately prior to the final distribution of all its assets [and cancellation of all its capital stock]; and in the case of a foreign [corporation] company filing a certificate of withdrawal, the balances at the end of the fiscal year or period shall be the balances immediately prior to the withdrawal of all of its assets. When a taxpayer has carried on or had the right

to carry on business within the state for eleven months or less of the income year, the tax calculated under subdivision (A) of this section shall be reduced in proportion to the fractional part of the year during which business was carried on by such taxpayer. The tax calculated under subdivision (A) of this section shall, in no case, be less than [forty-five] fifty dollars for each income year. The taxpayer shall report the items set forth in [subdivisions (a) and (b)] subdivision (A) of this section at the amounts at which such items appear upon its books; provided, when, in the opinion of the tax commissioner, the books of the taxpayer do not disclose a reasonable valuation of such items, the commissioner may require any additional information which may be necessary for a reasonable determination of the tax calculated under subdivision (A) of this section and shall, on the basis of the best information available, calculate such tax and notify the taxpayer thereof.

"(2) Banking and other financial corporations exempted from the tax imposed by subsection (1) of this section shall pay in each tax year in which the tax calculated under subdivision (B) of this section exceeds the tax imposed by section [12-214] 6 of this act, in addition to the tax imposed by section [12-214] 6 of this act, an additional tax of the amount by which the tax calculated under subdivision (B) of this section exceeds the tax imposed by section [12-214] 6 of this act. For such banking and other financial institutions the tax calculated under this section shall be: (B) [forty-five] fifty dollars for each income year, except that the tax calculated hereunder for state banks and trust companies, national banks, mutual savings banks, savings and loan associations and building and loan associations doing business in this state shall be an amount equal to three and two-tenths per cent

for each income year of the amount of interest or dividends credited by them on savings accounts of depositors or account holders during the taxable year preceding that in which such tax became due, provided, in determining such amount, each interest or dividend credit to the savings account of a depositor or account holder shall be deemed to be the interest or dividend actually credited or the interest or dividend which would have been credited if it had been computed and credited at the rate of [two] one-eighth of one percent per annum, whichever is less. The tax imposed by this section shall be assessed and collected and first applicable at the time or times herein provided for the tax measured by net income. This section shall not apply to insurance companies."

It will be noted that Public Acts 1973, No. 73-350 (now General Statutes § 12-219) specifically provided for (a) an additional tax in the case of "a company other than a regulated investment company or real estate investment trust" and (b) an additional tax in the case of "any regulated investment company or real estate investment trust which, in arriving at net income . . . . is entitled to a deduction for dividends paid as defined in the federal corporation income tax law."

The plaintiff Fund does not fall within either category. While it *is* a regulated investment company and not "a company other than a regulated investment company," it *is not* a regulated investment company which paid dividends "as defined in the federal corporation income tax law."

The Connecticut Supreme Court had recent occasion to note the "elaborate network of conditions" which regulated investment companies must meet to qualify for favorable tax treatment: "Regulated investment companies . . . are creatures of relatively recent

times. They permit investors to have the benefits of diversification and professional financial management. In general, the corporation is taxed only on undistributed income. In order to qualify for this favorable tax treatment, the corporation must satisfy an elaborate network of conditions, of which the salient features are that 90 percent of gross income must be derived from dividends, interest, and gains on the sale of stock or securities, and that the corporation's investments must be diversified. Bittker & Eustice, Federal Income Taxation of Corporations and Shareholders ¶ 1.06 (4th Ed. 1979); 1 Rabkin & Johnson, Federal Income Gift and Estate Taxation, § 209 (1977); 7 Mertens, The Law of Federal Income Taxation §§ 41.01–41.20 (Rev. to 1976); Rubin, Regulated Investment Companies, 28 Taxes 541 (1950). As summarized by the congressional committee reports concerning these special taxation features: 'Regulated investment companies which meet various requirements with respect to asset diversification, capital structure and operations and which distribute at least 90 percent of their ordinary income are treated as conduits of income and taxed only on their undistributed income. Dividends paid by such companies are taxed in the usual manner to shareholders except that dividends arising from capital gains realized by the company are identified and receive capital gains treatment in the hands of the recipient. This method permits investors to pool their funds through the use of a corporation in order to obtain skilled, diversified investment in corporate securities without having to pay an additional layer of corporate tax.' H.R. Rep. No. 1337, 83d Cong., 2d Sess., and Sen. Rep., 83d Cong., 2d Sess., reprinted in 3 U.S. Code Cong. & Ad. News (1954), pp. 4099 and 4734 respectively. See *Kocurek* v. *United States,* 628 F.2d 906 (5th Cir. 1980)." *Woodruff* v. *Tax Commissioner,* 185 Conn. 186, 189–90, 440 A.2d 854 (1981).

There is no ambiguity in the applicable language of § 11 of Public Acts 1973, No. 73-350. *Waterbury Motor Lease, Inc.* v. *Tax Commissioner,* 174 Conn. 51, 62, 381 A.2d 552 (1977). "The intent of the legislature is to be found in the meaning of the words of the statute; that is, in what the legislature actually did say, not in what it meant to say. *Frazier* v. *Manson,* 176 Conn. 638, 642, 410 A.2d 475 (1979); *State* v. *Grant,* 176 Conn. 17, 20, 404 A.2d 873 (1978). Where those actual words are plain and unambiguous, there is no room for judicial construction of the statute. *Board of Trustees of Woodstock Academy* v. *Freedom of Information Commission,* 181 Conn. 544, 549, 436 A.2d 266 (1980); *Jones* v. *Civil Service Commission,* 175 Conn. 504, 509, 400 A.2d 721 (1978). The words of a statute are to be given their ordinary and common meaning. General Statutes § 1-1 (a); *Winchester* v. *Connecticut State Board of Labor Relations,* 175 Conn. 349, 358–59, 402 A.2d 332 (1978)." *Doe* v. *Manson,* 183 Conn. 186, 438 A.2d 859 (1981). "Where the language of the statute is unambiguous, we are confined to the intention expressed in the actual words used and we will not search out any further intention of the legislature not expressed in the statute. *International Business Machines Corporation* v. *Brown,* 167 Conn. 123, 133, 355 A.2d 236 (1974); *Connecticut Light & Power Co.* v. *Walsh,* 134 Conn. 295, 301, 57 A.2d 128 (1948). In the absence of ambiguity it is unnecessary to resort to principles of statutory construction such as the resolution of ambiguity in favor of the taxpayer." *Harris Data Communications, Inc.* v. *Heffernan,* 183 Conn. 194, 198, 438 A.2d 1178 (1981).

The plain words of § 11 of Public Acts 1973, No. 73-350 contain no provision for an additional tax to be paid by a regulated investment company such as the plaintiff which did not in the tax years in question distribute at least 90 percent of its investment taxable

income and thereby become entitled to a deduction for dividends paid as defined in the federal corporation tax law.

The plaintiff's appeal should be sustained, the decision of the defendant commissioner regarding the taxation of The Herold Fund, Inc., for the years in question should be reversed and the commissioner should allow the adjustment in the Fund's tax base for holdings in private corporations for the Fund's tax returns for the years ending June 30, 1975, and June 30, 1976.

It is so ordered.