IRVING S. RIBICOFF ET AL. *v.* DIVISION OF PUBLIC
UTILITY CONTROL ET AL.

SPEZIALE, C. J., PETERS, HEALEY, PARSKEY and ARMENTANO, Js.

Argued April 13—decision released May 25, 1982

*Irving S. Ribicoff,* for the appellants (petitioners).

*William B. Gundling,* assistant attorney general, with whom were *Robert S. Golden, Jr.,* assistant attorney general, and, on the brief, *Carl R. Ajello,* attorney general, for the appellee (named defendant).

*George H. Shapiro,* of the Washington, D.C. bar, with whom were *James J. Kennelly* and *Howard L. Slater,* and, on the brief, *Linda A. Cinciotta,* of the Washington, D.C. bar, and *Elizabeth B. Leete,* for the appellees (The Times Mirror Company et al.).

PER CURIAM. These two appeals before us have been brought by the petitioners, Irving S. Ribicoff and David Kotkin, minority shareholders of Hartford CATV, Inc. (HCTV) and Telesystems of Connecticut, Inc. (TOC). These appeals are taken from the trial court's dismissal for lack of jurisdiction of their appeals to the Superior Court from: (1) a

decision of the division of public utility control (DPUC); and (2) the denial by the DPUC of petitioners' motion to rehear and reconsider that decision. In its decision the DPUC determined The Times Mirror Company to be an "unsuitable owner" of a controlling interest, through its interest in Community Properties, Inc. (CPI), in HCTV and TOC in light of its acquisition of The Hartford Courant, and it ordered the franchises of HCTV and TOC to be revoked on April 1, 1981 unless Times Mirror eliminated the cross ownership by that date.[1]

The trial court granted the DPUC's motion to dismiss the appeals of the petitioners on the ground that the court lacked jurisdiction because the petitioners are not aggrieved. This court granted the petitioners' certification for appeal from the decision of the court below.

The trial court filed a detailed memorandum of decision. *Ribicoff* v. *Division of Public Utility Control,* 38 Conn. Sup. 24, 445 A.2d 325 (1980). After examining the record on appeal and after considering the briefs of the parties and their arguments, we conclude that there is no error in the judgment from which the appeals were taken and that the memorandum of decision filed by the trial court adequately and properly disposes of the contentions of the parties before us. That decision may be referred to for a detailed discussion of the facts and the applicable law. It would serve no useful purpose to repeat them here.

There is no error.

---

[1] Times Mirror did not do so; but, with CPI, HCTV, and TOC, it sought review of the decision in Superior Court. The decision of the DPUC has been stayed by the trial court until one year after final judicial review of the decision.