JAMES S. MABLE *v.* BASS TRANSPORTATION COMPANY ET AL.

SUPERIOR COURT          JUDICIAL DISTRICT OF          FILE NO. 062018
                        WATERBURY

Memorandum filed June 14, 1983

*Borghesi, Joseph, Pilicy & Smith,* for the plaintiff.

*Maher & Maher,* and *Marsh, Day & Calhoun,* for the intervening plaintiffs.

*Pullman, Comley, Bradley & Reeves,* for the defendants.

STOUGHTON, J. On or about June 13, 1980, the plaintiff, James Mable, sustained injuries arising out of his employment with the Curtis Packaging Company (Curtis). In his complaint, the plaintiff sought damages on allegations that his injuries were caused by the negligent operation of a tractor trailer owned by the defendant Bass Transportation Company (Bass) and operated by the defendant William Tomlinson, a Bass employee. Specifically, Mable alleges that Tomlinson backed Bass's truck up to a loading dock, striking a metal plate and pinning the plaintiff's right foot between the plate and the loading dock.

By order of the court, *Grillo, J.,* Curtis was permitted to intervene as a party plaintiff for the purpose of seeking reimbursement from the defendants to the extent of its workers' compensation obligations to Mable. The defendants counterclaimed against Curtis, alleging that the injuries sustained by Mable resulted from the negligence of Curtis.

The intervening plaintiff moved to strike the defendants' counterclaim on the grounds: (1) that the Workers' Compensation Act bars such a counterclaim; and (2) that Connecticut law does not permit contribution between joint tortfeasors. The motion to strike was granted because, although the defendants alleged that the intervening employer was actively and primarily negligent, their counterclaim failed to allege any duty owed to them or a subsequent breach of such duty.

The defendants then filed an amended counterclaim containing essentially all of the allegations set forth in

the original counterclaim. The defendants also included a claim of breach of an independent duty of care to the defendant Tomlinson as a business invitee and a breach of duty to the defendant Bass to use reasonable care to maintain the premises in a reasonably safe condition.

The intervening plaintiff now moves to strike the amended counterclaim on the grounds: (1) that it is essentially the same counterclaim stricken previously by this court; (2) that the Workers' Compensation Act bars the counterclaim; (3) that Connecticut law does not allow contribution or indemnity between joint tort-feasors.

A motion to strike tests the legal sufficiency of a pleading. *Alarm Applications Co.* v. *Simsbury Volunteer Fire Co.,* 179 Conn. 541, 545, 427 A.2d 822 (1980). The facts alleged in a complaint are to be construed in the way most favorable to the plaintiff. *Alarm Applications Co.* v. *Simsbury Volunteer Fire Co.,* supra. A motion to strike admits all well pleaded allegations and it cannot be opposed by facts outside the pleading. *Kilbride* v. *Dushkin Publishing Group, Inc.,* 186 Conn. 718, 719, 443 A.2d 922 (1982).

A ruling granting a motion to strike on the ground that the complaint lacked an essential allegation does not preclude the claimant from restating the cause of action by supplying the essential allegation lacking in the complaint that was stricken. *Alarm Applications Co.* v. *Simsbury Volunteer Fire Co.,* supra, 551 n.4.

The defendants allege in their amended counterclaim that the defendant Tomlinson was a business invitee to whom Curtis owed an independent duty of care. A business invitee "is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land." *Corcoran* v. *Jacovino,* 161 Conn. 462, 465, 290 A.2d 225 (1971), citing Restatement (Second),

Torts, § 332. A driver of a delivery truck has the status of a business invitee. *Rickey* v. *E.H. Jacobs Mfg. Co.,* 142 Conn. 495, 496, 115 A.2d 336 (1955). The measure of duty of a property owner to a business invitee with respect to the condition of the property is the exercise of reasonable care to have and keep it reasonably safe for the reasonably to be anticipated uses which the invitee would make of it. *Facey* v. *Merkle,* 146 Conn. 129, 133, 148 A.2d 261 (1959); *Frankovitch* v. *Burton,* 185 Conn. 14, 20, 440 A.2d 254 (1981), and cases cited therein. If we construe the facts alleged in the amended counterclaim in the way most favorable to the pleader, the defendant Tomlinson has pleaded an independent legal relationship between himself and Curtis. This relationship alone, however, does not establish Curtis' liability to indemnify Tomlinson for contingent economic damages arising out of the action brought by Mable.

No case has been cited which extends a property owner's liability for breach of his duty of care to a business invitee beyond liability for physical harm to the invitee. Restatement (Second), Torts, § 343, dealing with the liability of possessors of land to invitees, begins with the phrase "[a] possessor of land is subject to liability for physical harm caused to his invitees . . . ." While the Connecticut Supreme Court has never expressly adopted § 343, it has cited with approval two of the comments thereto. See *Ford* v. *Hotel & Restaurant Employees & Bartenders Union,* 155 Conn. 24, 35, 229 A.2d 346 (1967); *Darling* v. *Burrone Bros., Inc.,* 162 Conn. 187, 198, 292 A.2d 912 (1972). Moreover, the court has expressly adopted Restatement (Second), Torts, § 343, concerning licensees; see *Dougherty* v. *Graham,* 161 Conn. 248, 251, 287 A.2d 382 (1971); and Restatement, Torts, § 339, concerning trespassing children. See *Greene* v. *DiFazio,* 148 Conn. 419, 422, 171 A.2d 411 (1961); *Wolfe* v. *Rehbein,* 123 Conn. 110, 113-14, 193 A. 608 (1937). Both of these sections

restrict the liability of a possessor of land to physical harm to those coming onto his property. Furthermore, 65 C.J.S., Negligence § 63 (45), views a landowner's duty of care to an invitee as extending only to the exercise of reasonable care for the invitee's safety. The rationale behind so limiting the scope of the landowner's duty is that "the obligation to refrain from [negligent] conduct is owed only to those who are forseeably endangered by the conduct and only with respect to those risks or hazards whose likelihood made the conduct unreasonably dangerous. Duty, in other words, is measured by the scope of the risk which negligent conduct forseeably entails." 2 Harper & James, The Law of Torts, p. 1018. The test of foreseeability is whether an ordinary person in the defendant's position, knowing what he knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result. *Coburn* v. *Lenox Homes, Inc.*, 173 Conn. 567, 575–76, 378 A.2d 599 (1977). If we apply this test to the facts as alleged, Curtis could not reasonably be held to have anticipated that a business invitee would suffer such indirect and contingent harm as that claimed by Tomlinson.

Generally, among joint tortfeasors, there is no right to contribution; *Gomeau* v. *Forrest,* 176 Conn. 523, 528, 409 A.2d 1006 (1979); or to indemnification. *Kaplan* v. *Merberg Wrecking Corporation,* 152 Conn. 405, 412, 207 A.2d 732 (1965). Therefore, a party seeking indemnification from an employer grounded solely on their relationship as joint tortfeasors fails to state a cause of action. See *Therrien* v. *Safeguard Mfg. Co.,* 35 Conn. Sup. 268, 273, 408 A.2d 273 (1979). Where, however, one party's liability can be characterized as passive and secondary and the other's as active and primary, the former has a cause of action against the latter for indemnity. See *Preferred Accident Ins. Co.* v. *Musante, Berman & Steinberg Co.,* 133 Conn. 536, 542–43, 52

A.2d 862 (1947). To recover as indemnitees, Bass and Tomlinson must establish, inter alia, that Curtis was in control of the situation to the exclusion of the defendants. *Kaplan v. Merberg Wrecking Corporation*, supra, 416. "Control is one of the essential elements of primary negligence . . . ." Id., 416. Although the defendants allege in paragraph nine of the amended counterclaim that their liability is passive and secondary, whereas that of Curtis is active and primary, in other paragraphs the defendants allege acts of their own constituting primary and active involvement. In paragraph six, the defendants allege that Tomlinson was the operator, that he was on Curtis' premises, and that he was backing up his tractor trailer unit. Since the defendants cannot assert that Curtis was in exclusive control of the situation, they have no right to indemnification.

Although the defendants assert in their amended counterclaim that Curtis breached a duty of care to the defendant Bass, they do not assert any independent legal relationship between Bass and Curtis out of which such a duty might arise. Absent an independent legal relationship, a third party's action against an employer for indemnification is barred by the Workers' Compensation Act. *Ranta v. Bethlehem Steel Corporation*, 287 F. Sup. 111, 113 (D. Conn. 1968); *Stevens v. Polinsky*, 32 Conn. Sup. 96, 102, 341 A.2d 25 (1974).

The motion to strike the amended counterclaim is granted as to the defendant Bass because Bass has failed to allege an independent legal relationship between itself and Curtis, and because, as a joint tortfeasor, Bass has no right to indemnification. The motion is granted as to the defendant Tomlinson because Curtis' liability to Tomlinson does not extend to the type of contingent economic harm alleged in this case. Even if Curtis' liability did extend that far, Tomlinson's recovery is barred by the rule prohibiting indemnification between joint tortfeasors.