## Lorraine Hinchliffe et al. *v.* American Motors Corporation et al.

Speziale, C. J., Peters, Healey, Parskey and Grillo, Js.

Argued November 30, 1983—decision released February 14, 1984

*Alan L. Robertson, Jr.,* with whom were *Jason E. Pearl* and, on the brief, *Mary Gambardella,* law student intern, for the appellants (plaintiffs).

*Philip S. Walker,* with whom were *Sharon S. Tisher* and, on the brief, *Barry D. Guliano,* for the appellees (named defendant et al.).

*Robert B. Shapiro,* for the appellee (defendant Lipman Motors, Inc.).

PER CURIAM. This is an appeal by the plaintiffs from a judgment by the trial court for the defendants. The plaintiffs alleged that a motor vehicle purchased from the defendant Lipman Motors did not perform as the plaintiffs had been led to expect. The facts are fully set out in *Hinchliffe* v. *American Motors Corporation,* 184 Conn. 607, 440 A.2d 810 (1981). Originally, the action was brought in six counts but all the counts were dismissed by the trial court for the plaintiffs' failure to present a prima facie case. On appeal, this court remanded the case to the trial court for retrial on the three counts alleging breach of express warranty, breach of implied warranty of fitness for a particular purpose, and violation of the Connecticut Unfair Trade Practices Act. *Hinchliffe* v. *American Motors Corporation,* supra. Upon retrial, the trial court rendered judgment for the defendants on each count.

The plaintiffs have appealed to this court alleging error (1) in the trial court's interpretation and application of the Connecticut Unfair Trade Practices Act; (2) in the trial court's failure to find a breach of express warranty; and (3) in the trial court's failure to find a breach of implied warranty of fitness for a particular purpose.

The trial court filed a lengthy and detailed memorandum discussing each of these issues. *Hinchliffe* v. *American Motors Corporation,* 39 Conn. Sup. 107, 471 A.2d 980 (1982). After examining the record on appeal and after considering the briefs of the parties and their arguments, we conclude that there is no error in the trial court's judgment "and that the memorandum of decision filed by the trial court adequately and properly disposes of the contentions of the parties before us. That decision may be referred to for a detailed discussion of the facts and the applicable law. It would serve

254

no useful purpose to repeat them here." *Ribicoff* v. *Division of Public Utility Control,* 187 Conn. 247, 248, 445 A.2d 324 (1982).

There is no error.