### THE HEROLD FUND, INC. *v.* COMMISSIONER OF REVENUE SERVICES
### (2337)

HULL, BORDEN and SPALLONE, Js.

Argued June 14—decision released September 25, 1984

*Ralph G. Murphy,* assistant attorney general, with whom, on the brief, was *Joseph I. Lieberman,* attorney general, for the appellant (defendant).

*George G. Vest,* with whom, on the brief, was *David I. Bower,* for the appellee (plaintiff).

PER CURIAM. This appeal[1] arises from a disagreement between the plaintiff, The Herold Fund, Inc., and the defendant, the commissioner of revenue services, concerning the proper method of taxation applicable to the plaintiff for the tax years ending June 30, 1975, and June 30, 1976. The parties to this action stipulated that The Herold Fund, Inc., is a regulated investment company as that term is defined in § 851 of the Internal Revenue Code. The principal issue on appeal is whether a corporation which satisfies the criteria to be classified as a regulated investment company may, nevertheless, be treated under certain circumstances as a general business corporation in a given tax year for the purposes of calculating the Connecticut corporation business tax.

The underlying dispute herein concerns the proper interpretation and application of the "minimum tax" provision set forth in General Statutes § 12-219, as amended by Public Acts 1973, No. 73-350. In each of the tax years in question, the plaintiff did not distribute at least 90 percent of its "investment company taxable income" as defined in I.R.C. § 852. Consequently, the plaintiff did not claim a deduction for dividends paid as provided by I.R.C. § 852, nor did it, in filing its Connecticut corporation business tax returns for those years, claim a deduction from gross income for dividends paid pursuant to General Statutes § 12-217. As a result, the plaintiff corporation filed its business tax returns as a general business corporation and, accordingly, in calculating its tax base, reduced its tax base by the amount of its stock holdings in private corporations pursuant to General Statutes § 12-219 (1) (A) (b).

On January 10, 1978, the state tax department notified the plaintiff that an additional tax was due for the years in question because the plaintiff was to be treated

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

for tax purposes as a regulated investment company "entitled to a deduction under § 12-217 for dividends paid" and, therefore, the plaintiff was not permitted to reduce its tax base for holdings of stock in private corporations. The plaintiff thereafter requested a hearing before the commissioner of revenue services. After the hearing, the commissioner issued a decision which stated that the plaintiff was subject to the additional tax found by the state tax department to be due and owing pursuant to General Statutes § 12-219 (1) (A) (c). The plaintiff appealed the commissioner's decision to the Superior Court. The court reversed the decision of the commissioner, holding that because the plaintiff did not distribute at least 90 percent of its investment company taxable income, it did not pay dividends and, therefore, was not entitled to a deduction for dividends paid and, as a result, the plaintiff did not come within the purview of General Statutes § 12-219 (1) (A) (c). Consequently, the court held that for the years in question the plaintiff came within the purview of § 12-219 (1) (A) (b), which permits an adjustment to the plaintiff's tax base for stock holdings in private corporations. The defendant brought this appeal claiming that the court erred (1) in concluding that there was no provision in General Statutes § 12-219, as amended by Public Acts 1973, No. 73-350, for an additional tax to be paid by a regulated investment company which did not distribute at least 90 percent of its investment company taxable income during the tax year and, accordingly, that the plaintiff was not entitled to a deduction for dividends paid, and (2) in concluding that the plaintiff could, under certain circumstances in a given tax year, be treated as a general business corporation for tax purposes, and that it was thereby entitled to reduce its tax base by the amount of its holdings of stock in private corporations.

The trial court filed a detailed and lengthy memorandum of decision discussing each of these issues. *Herold Fund, Inc.* v. *Commissioner of Revenue Services,* 40 Conn. Sup. 77, 481 A.2d 105 (1982). After examining the record on appeal and after a detailed consideration of the briefs and arguments of the parties in this case, we conclude that there is no error in the judgment of the trial court "and that the memorandum of decision filed by the trial court adequately and properly disposes of the contentions of the parties before us. That decision may be referred to for a detailed discussion of the facts and the applicable law. It would serve no useful purpose to repeat them here." *Hinchliffe* v. *American Motors Corporation,* 192 Conn. 252, 253–54, 470 A.2d 1216 (1984); *Ribicoff* v. *Division of Public Utility Control,* 187 Conn. 247, 248, 445 A.2d 324 (1982).

There is no error.