JAMES S. MABLE *v.* BASS TRANSPORTATION CO. ET AL. (2764)

DUPONT, C.P.J., BORDEN and SPALLONE, Js.

Argued March 8—decision released April 16, 1985

---

*William B. Rust,* with whom, on the brief, was *Edward M. Sheehy,* for the appellants (defendants).

*Michael A. Dowling,* for the appellee (intervening plaintiff Curtis Packaging Company).

PER CURIAM. This appeal was taken from the judgment of the trial court striking the defendants' third amended counterclaim. We find no error.

The action arises from an injury sustained by the plaintiff while working at Curtis Packaging Company in June, 1980. The plaintiff's foot had been pinned between a metal plate on a loading dock and a dock wall at Curtis Packaging Company, by a tractor-trailer owned by the defendant, Bass Transportation Company, and driven by one of its employees. The plaintiff received workers' compensation benefits from Curtis Packaging Company for his injuries.

The plaintiff then instituted this negligence action against Bass Transportation Company and the driver of the tractor-trailer. Curtis Packaging Company was permitted by the trial court to intervene as a plaintiff to recover the workers' compensation benefits it had paid to the plaintiff. The defendants filed a counterclaim against the intervening plaintiff, seeking indemnification for the plaintiff's claim. The counterclaim alleged that the intervening plaintiff was actively negligent in causing the plaintiff's injuries, that the defendants were only passively negligent and that, therefore, the intervening plaintiff should bear the entire burden of damages. The intervening plaintiff moved to strike the counterclaim on the grounds that the Workers' Compensation Act bars such a counterclaim; General Statutes § 31-284; and that Connecticut law prohibits contribution or indemnification between joint tortfeasors. The trial court, *Stoughton, J.,* granted the motion to strike because the defendants failed to allege

any special duty owed to the defendants. See 2A Larson, Workmen's Compensation §§ 76.00, 76.50.

The defendants filed a second amended counterclaim, alleging all the facts set forth in the original counterclaim and adding an allegation that a duty was owed by the intervening plaintiff to the defendants, who were business invitees on the premises. The intervening plaintiff moved to strike this amended counterclaim on the ground that this counterclaim was essentially the same as the one previously stricken by the court and should be stricken for the same reasons. The trial court, *Stoughton, J.,* granted the motion to strike the amended counterclaim. In a lengthy and detailed memorandum of decision dated June 14, 1983, the court held that the duty owed to business invitees is to prevent physical injury, not the kind of indirect and contingent economic harm such as was alleged here, and that no independent legal relationship existed between the intervening plaintiff and the defendant Bass Transportation Company other than that of joint tortfeasors, for which there is no right of indemnnification. The court concluded that the cause of action asserted in the counterclaim was therefore barred by the Workers' Compensation Act.

The defendants filed a third amended counterclaim, which essentially was the same as the previous one, with the added allegation that the intervening plaintiff had exclusive control of the situation in which the plaintiff was injured. The intervening plaintiff again moved to strike. The trial court, *O'Brien, J.,* granted the motion to strike on the ground that the new allegation added nothing to the cause of action alleged in the second amended counterclaim and should be stricken for the reasons stated in Judge Stoughton's memorandum of decision dated June 14, 1983. The defendants appealed from the judgment following Judge O'Brien's decision.

We agree with Judge O'Brien that the new allegations in the third amended counterclaim added nothing to the previous counterclaim, and we adopt the reasoning contained in Judge Stoughton's memorandum of decision of June 14, 1983, which addressed all the pertinent issues in a plenary fashion. *Mable* v. *Bass Transportation Co.*, 40 Conn. Sup. 253, 490 A.2d 548 (1983). "After examining the record on appeal and after a detailed consideration of the briefs and arguments of the parties in this case, we conclude that there is no error in the judgment of the trial court 'and that the memorandum of decision filed by the trial court adequately and properly disposes of the contentions of the parties before us. That decision may be referred to for a detailed discussion of the facts and the applicable law. It would serve no useful purpose to repeat them here.' *Hinchliffe* v. *American Motors Corporation,* 192 Conn. 252, 253–54, 470 A.2d 1216 (1984); *Ribicoff* v. *Division of Public Utility Control,* 187 Conn. 247, 248, 445 A.2d 324 (1982)." *Herold Fund, Inc.* v. *Commissioner of Revenue Services,* 2 Conn. App. 660, 663, 481 A.2d 761 (1984).

There is no error.