[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
In this case, it is alleged that Joseph J. Munno, the plaintiff, worked for Premier Industrial Corporation (Premier) as a salesman from August 3, 1981 through June 1, 1988. The plaintiff's employment contract with Premier included a covenant not to compete for two years after leaving Premier. SDI Operating Partners, d/b/a Kar Products Co. (Kar), the defendant, is one of Premier's competitors. It is alleged that Kar was aware of the covenant between Premier and its sales representatives.
The plaintiff worked as a sales representative for Kar between June 1, 1988 and August 30, 1989. It is alleged that during the spring and summer of 1988 Kar representatives, including Kar's attorneys, told the plaintiff that he had no duty, either legal or moral, to abide by his contract with Premier, and that Kar would take care of the plaintiff and be behind him with regard to any problems that might arise with Premier.
The plaintiff solicited customers on behalf of Kar in violation of the contract with Premier. It is alleged that the plaintiff engaged in these activities because Kar representatives told him that there was no need to be concerned with his contract with Premier. The plaintiff was sued by Premier for violating the non-compete clause of the contract with Premier.
The defendant has filed a motion to strike all the counts of the complaint.
A motion to strike, being an attack on the legal sufficiency of the pleadings, admits all well-pleaded facts, including those necessarily implied and fairly provable CT Page 5317 thereunder. Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345,348-49, 576 A.2d 149 (1991); Amodio v. Cunningham, 182 Conn. 80,83, 438 A.2d 6 (1980). When considering a motion to strike, the court must construe the challenged allegations in the light most favorable to the nonmovant. Cavallo v. Derby Savings Bank, 188 Conn. 281, 283, 49 A.2d 822 (1980).
In Count I, the plaintiff alleges that Kar is liable to Munno for damages "that directly arise from Munno's violations of his agreement with Premier" on the theory that the violations were committed "in the scope of his employment with Kar," were "directed by Kar," and were "ratified by Kar," citing the "Connecticut laws of Respondeat Superior and Agency Liability."
The defendant argues that the plaintiff seeks contribution, apparently under Connecticut common law, based on an alleged promise that Kar would "take care of" and "be behind" the plaintiff, the promise supposedly having been made for the purpose of "encouraging Munno to violate his contract with Premier." The defendant argues, however, that the plaintiff has no right to indemnity since he is, himself, a wrongdoer, and the alleged indemnity undertaking, even if it had been made, is unenforceable on grounds of public policy.
The defendant argues that there is no right of contribution or indemnity between joint wrongdoers. In support of this argument the defendant cites Gomeau v. Forrest, 176 Conn. 523, 409 A.2d 1006 (1979); Kaplan v. Merberg Wrecking Corporation, 152 Conn. 405, 207 A.2d 732
(1965). These cases stand for the proposition that contribution is not permitted between joint tortfeasors.[1]
Therefore, defendant's assertion that there is no right of contribution or indemnity between joint wrongdoers is not supported by Connecticut law. It is not clear in this case whether, in breaching the contract with Premier, the plaintiff committed a tort. For that reason, the motion to strike is denied.
The defendant further argues that the plaintiff is claiming contribution or indemnity based on his status as an employee of Kar. In support of this proposition the defendant cites Marble v. Bass Transportation Co., 40 Conn. Sup. 253,490 A.2d 548, aff'd, 3 Conn. App. 547,490 A.2d 538 (1985).[2] This argument mischaracterizes the holding of the case in Mable. Mable, supra, addresses the issue concerning tortfeasors. Because the present case does not appear to concern tortfeasors, this argument, in favor of striking the first count, also fails. CT Page 5318
The defendant further argues that a promise to indemnify the plaintiff to induce him to violate his agreement with Premier, even if made, would be unenforceable on the grounds of public policy. This is not a proper ground for a motion to strike. "In judging a motion to strike, . . . `it is of no moment that the plaintiff may not be able to prove his allegations at trial.' Doyle v. A P Realty Corporation, 36 Conn. Sup. 126, 127, 414 A.2d 204 (1980). The sole inquiry at this stage is whether the plaintiff's allegations, if proved, state a cause of action." Levine v. The Bess and Paul Sigel Hebrew Academy of Greater Hartford, Inc., 39 Conn. Sup. 129, 132, 471 A.2d 679 (1983). A motion to strike is used to attack the legal sufficiency of the pleadings. Liljedahl Bros., Inc., supra. Furthermore, there is a question as to whether the agreement violates public policy. While the defendant may be able to present this issue as a defense, it is not a proper ground for a motion to strike.
Count II alleges a cause of action based on fraud. The defendant argues that the alleged misrepresentations constitute expressions of opinion, not statements of then existing material fact, and are not actionable under Connecticut law.
The defendant argues that, because the plaintiff has failed to particularize the circumstances surrounding the alleged statements, the complaint is fatally deficient. The defendant further argues that the plaintiff has failed to allege that the misrepresentations concerned facts rather than opinion. The language of paragraph 16 of the complaint can be read as including statements of fact, thereby satisfying the requirement as set forth by the Connecticut Supreme Court in Crowther v. Guidone, 183 Conn. 464,441 A.2d 13 (1981).[3] The plaintiff has asserted sufficient facts to defeat a motion to strike. For that reason the motion to strike the second count of the complaint is denied.
In Count III of the complaint the plaintiff alleges a claim of negligent misrepresentation based on the same facts as alleged in the second count of the complaint.
Defendant argues that, under Connecticut law, expressions of opinion are not actionable, whether intentionally or negligently false, and a suit for negligent misrepresentation lies only against a party whose business it is to supply information to others. Defendant further argues that plaintiff makes no allegation that Kar was engaged in such business. CT Page 5319
The defendant claims that the plaintiff has failed to allege that the misrepresentations concerned facts rather than opinion. For the reasons above-stated, the plaintiff has alleged sufficient statements of fact to defeat a motion to strike. The Connecticut Supreme Court in D'Ulisse-Cupo v. Board of Directors of Notre Dame High School, 202 Conn. 206,520 A.2d 217 (1987), set forth the guiding principles for a claim of negligent misrepresentation. The court in D'Ulisse-Cupo, supra, stated:
 One who, in the course of his business, profession or employment . . . supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.
D'Ulisse-Cupo, supra, 218. In light of D'Ulisse-Cupo, Count III is sufficient because it can be interpreted as asserting that statements of fact were negligently made to the plaintiff.
For the foregoing reasons, the motion to strike the complaint is denied.
SCHALLER, JUDGE
ENDNOTES