[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON PLAINTIFF'S MOTION TO STRIKE (111)
On March 26, 1991, the plaintiff Leasecomm Corporation obtained a judgment against the defendants Arthur Forrest and Dolly Madison Inn, Inc. in the District Court of Waltham, Massachusetts. While written demand has been made, the defendants have not paid the judgment. The plaintiff has now brought this action in Connecticut to enforce the Massachusetts judgment.
The defendant has filed a counterclaim which alleges that an agent or employee of the plaintiff Leasecomm induced the defendants to lease certain equipment, but that the equipment did not function properly, and the plaintiff refused to take back such equipment. The defendants allege that the judgment in the Massachusetts case was based upon the lease of the defective equipment and that the counterclaim is therefore proper.
The plaintiff first argues that the counterclaim should be stricken because it fails to meet the transaction test. Connecticut Practice Book 116 provides that a counterclaim must arise out of the transaction which is the subject of the plaintiff's complaint. Conn. Practice Bk. 116; Wallingford v. Glen Valley Associates, Inc., 190 Conn. 158, 160 (1983). The CT Page 9354 crucial issue is whether the subject matter of the counterclaim is so connected with the matter in controversy under the complaint that its consideration is necessary for a full determination of the rights of the parties. Springfield-DeWitt Gardens, Inc. v. Wood, 143 Conn. 708, 713 (1956). The amended counterclaim, which the plaintiff's supplemental memorandum appears to view as the operative pleading, and which will be treated as the relevant pleading for purposes of judicial economy, alleges that the plaintiff gained a judgment in Massachusetts based upon the lease of defective equipment. Since the counterclaim alleges causes of action relating to the enforcement of the judgment, the counterclaim sufficiently relates to the plaintiff's complaint; and the transaction test has been met.
The plaintiff next claims that the doctrines of res judicata and merger bar the defendant from bringing a counterclaim which could have been brought in a prior action. However, "a prior judgment which would be a bar to a later action, as res adjudicata, must be specially pleaded." Beccia v. Waterbury,185 Conn. 445, 451 (1981) (emphasis added); Conn. Practice Bk. 164. The plaintiff here has not specially pleaded res judicata and may not therefore assert res judicata by a motion to strike.
Moreover, "a judgment of a court having jurisdiction of the parties and of the subject matter operates as res judicata in the absence of fraud or collusion. . ." Slattery v. Maykut,176 Conn. 147, 17 (1978). Where, as here, fraud in obtaining the judgment has been pleaded as a special defense, it would be inappropriate to rely on res judicata and merger to strike the counterclaim. See Conn. Gen. Stat. 50a-34 (a foreign judgment need not be recognized if it was obtained by fraud). A motion to strike simply does not allow for proper consideration of the defendant's claim of fraud in obtaining the judgment.
Lastly, the plaintiffs seek to strike that count of the counterclaim alleging a violation of CUTPA, Conn. Gen. Stat. 42-1106, et seq. An unfair or deceptive practice is one which "1.). . . without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise. . . 2). . . is immoral, unethical, oppressive or unscrupulous; 3) it causes substantial injury to consumers (or competitors or other businessmen)." Hinchliffe v. American Motors Corporation, 39 Conn. Sup. 107, 121
(1982) aff'd 192 Conn. 252. Viewed most favorably to the pleader and considering that CUTPA is a remedial statute designed to be CT Page 9355 liberally construed, the defendant's claim that the plaintiff refused to take back defective equipment which did not meet plaintiff's representations constitutes an unfair or deceptive trade practice.
The plaintiff also claims that the ascertainable loss requirement of CUTPA has not been satisfied. To satisfy the ascertainable loss requirement of CUTPA, a party "need prove only that he has purchased an item partially as a result of an unfair or deceptive practice or act and that the item is different from that for which he bargained." Hinchliffe v. American Motors Corporation, 184 Conn. 607, 614-15 (1981) on remand 39 Conn. Sup. 197, aff'd 192 Conn. 252. As noted above, the defendants have sufficiently pled an unfair trade practice and have received an item different from the item for which defendants bargained. Thus, a CUTPA claim has been sufficiently alleged.
For these reasons the motion to strike is denied.
DORSEY, J.