[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JANUARY 9, 1996
The plaintiff, Armin Gluck ("Gluck"), commenced this action against the defendant, Robert Johnson d/b/a Commercial Appliance Service ("Johnson"), by writ of summons and complaint, dated September 15, 1992, for personal injuries he sustained in the course of his employment as a cook at the Jewish Home for the Elderly ("JHE") in Fairfield, Connecticut. The complaint alleges that on August 30, 1990, while removing vegetables from a food CT Page 1251 steamer at the JHE, Gluck sustained severe burns and injuries due to defects in the steamer. These defects, claim the plaintiff, were the result of negligent servicing and repair of the steamer by the defendant, Robert Johnson, who had been hired by the JHE on August 26, 1990 to service the home's kitchen equipment. On October 13, 1992, the court granted a motion by the JHE to join as a co-plaintiff and to file an intervening complaint.
On April 2, 1993, the defendant Johnson filed a third-party complaint against Cleveland Range, Inc. ("Cleveland Range"), the manufacturer of the food steamer, seeking indemnification for any damages he would be required to pay to Mr. Gluck. On October 2, 1995, Cleveland Range filed a motion to strike the "second amended revised" third-party complaint.
In its motion to strike, Cleveland Range argues that the third-party complaint should be stricken in its entirety on the ground that Johnson has failed to allege facts sufficient to support a cause of action for indemnification under the test set forth in Kaplan v. Merberg Wrecking Co., 152 Conn. 405,207 A.2d 732 (1965), and Atkinson v. Berloni, 23 Conn. App. 325,580 A.2d 84 (1990). The third-party plaintiff has failed to file an opposition brief as required by Practice Book § 155.[1]
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Novametrix Medical Systems v. BOCGroup, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992). In considering a motion to strike, courts "construe the facts alleged in the complaint in a light most favorable to the pleader. If facts provable under the allegations would support a defense or a cause of action, the motion to strike must be denied." RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381,384, 650 A.2d 153 (1994), citing Alarm Applications Co. v.Simsbury Volunteer Fire Co., 179 Conn. 541, 545, 427 A.2d 822
(1980). "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded[,]"; RK Constructors, Inc.v. Fusco Corp., supra, 231 Conn. 389 n. 2; "all well-pleaded allegations are taken as true[,] and no [other] evidence [may be] received." William Beazley Co. v. Business Park Assoc.,34 Conn. App. 801, 805, 643 A.2d 1298 (1994), citing Kilbride v.Dushkin Publishing Group, Inc., 186 Conn. 718, 719, 443 A.2d 922
(1982)."This includes the facts necessarily implied and fairly provable under the allegations . . . It does not include, CT Page 1252 however, the legal conclusions or opinions stated in the complaint." (Internal quotation marks omitted.) Westport Bank Trust v. Corcoran, Mallin Aresco, 221 Conn. 490, 495-96,605 A.2d 862 (1992), citing Coste v. Riverside Motors, Inc.,24 Conn. App. 109, 111, 585 A.2d 1263 (1991).
A cause of action for indemnification "involves a claim for [full] reimbursement from one who is claimed to be primarily liable. Kaplan v. Merberg Wrecking Corporation, 152 Conn. 405,412, 207 A.2d 732 (1965). Ordinarily, there is no right of indemnity between joint tortfeasors. Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989); Kaplan v. Merberg WreckingCorporation, supra. Exceptions to this general rule exist, however, where the primarily liable tortfeasor owes an independent legal duty to the secondarily liable tortfeasor. SeeFerryman v. Groton, supra, 144; Farm Bureau Mutual AutomobileIns. Co. v. Kohn Bros. Tobacco Co., 141 Conn. 539, 544,107 A.2d 406 (1954)." Atkinson v. Berloni, supra,23 Conn. App. 326.
In order to recover on a claim for indemnity, "the following essential elements must be proved: `(1) the party must have been negligent; (2) its negligence rather than another's was the direct and immediate cause of injury; (3) it had exclusive control over the situation; and (4) the negligent party seeking indemnification did not know of the charged party's negligence, had no reason to anticipate it and could reasonably have relied on the charged party to act without negligence.'" Atkinson v.Berloni supra, 23 Conn. App. 326-27, citing Weintraub v. RichardDahn, Inc., 188 Conn. 570, 573, 452 A.2d 117 (1982). In Atkinsonv. Berloni supra, the Appellate court added a fifth requirement, holding that "[i]mplicit in indemnification cases is the requirement of an independent legal relationship between the indemnitor and the indemnitee giving rise to a special duty."Id., 327; see also Mable v. Bass Transportation Co.,40 Conn. Sup. 253, 490 A.2d 548 (1983), affirmed, 3 Conn. App. 547,490 A.2d 538 (1985).
Courts have found an independent legal relationship between parties where there was an express contract; Maccarone v.Hawley, 7 Conn. App. 19, 507 A.2d 506 (1986); Malerba v. CessnaAircraft Co., 210 Conn. 189, 554 A.2d 287 (1989); a lease contract; Farm Bureau Mutual Automobile Ins. Co. v. Kohn Bros.Tobacco Co., 141 Conn. 539, 107 A.2d 406 (1954); a joint ownership of property by the parties; Ferryman v. Groton,
CT Page 1253212 Conn. 138, 561 A.2d 432 (1989); and a landlord tenant relationship between the parties; Gino's Pizza of East Hartford,Inc. v. Kaplan, 193 Conn. 135, 475 A.2d 305 (1984). A special duty within the meaning of Atkinson will not be found where there is neither a preexisting nor independent duty between the parties, and "the general duty of an individual to behave as a reasonable person" is not sufficient to satisfy the independent legal relationship requirement necessary for indemnification.Atkinson v. Berloni supra, 23 Conn. App. 329.
The plaintiff has set forth facts sufficient to meet the four elements set forth in Kaplan v. Merberg Wrecking Co., supra,152 Conn. 405,[2] but fails to set forth facts sufficient to support an independent legal duty owed to the third-party plaintiff by the third-party defendant, Cleveland Range. There is no contract between the parties, whether express or implied, and there are no other facts or circumstances alleged sufficient to create a pre-existing or "independent legal relationship" giving rise to a special duty owed to the third-party plaintiff by Cleveland Range. Id. Rather, any relationship between Johnson and Cleveland Range is merely "random and unanticipated." Id.,
330. And, contrary to the plaintiff's argument at the time of the hearing on the motion, this element of indemnification is not simply implied from the four Kaplan elements, but must be alleged separately and sufficiently.
Atkinson v. Berloni has been effectively critiqued by Judge Dorsey in Commercial Union Ins. Co. v. New Haven, Superior Court, judicial district of New Haven, No. 243717,3 CONN. L. RPTR. 453 (1991). However, I cannot agree with Judge Dorsey thatBurkert v. Petrol Plus of Naugatuck, Inc., 216 Conn. 65, 74,579 A.2d 26 (1990), is so at odds with Atkinson that the latter ought not be followed. "`Although none of [the cited cases inAtkinson v. Berloni supra,] suggests that the fifth element should apply in all active or primary negligence cases, it is binding on the Superior Court absent its clarification or overruling by an Appellate [or Supreme] Court.' (Citations omitted.) Lee v. Northeast Graphics, Inc., [Superior Court, judicial district of New Haven, No. 326689 (1993)]; see CianbroCorporation v. Underwater Construction Co., [Superior Court, judicial district of New London, No. 52315]; Pondelik v.Heritage Restaurant, [Superior Court, judicial district of Litchfield, No. 55072, 6 CONN. L. RPTR. 424 (1992)] (becauseAtkinson v. Berloni, supra, is binding upon the Superior Court until overruled, an independent legal relationship is needed for CT Page 1254 an active/passive negligence claim); Bascetta v. Droney,
[Superior Court, judicial district of Hartford-New Britain at Hartford, No. 396788, 5 CONN. L. RPTR. 419 (1992)] (Schaller, J.) (because Atkinson v. Berloni, supra, is not in direct conflict with earlier Supreme Court decision, it is binding upon the Superior Court until overruled) . . ." Shoenburger v. NorthKendall Properties, Inc., Superior Court, judicial district of New London at New London, No. 524795 (1994); see also TorringtonCountry Club v. Ply Gem, Superior Court, judicial district of Litchfield, No. 61340, 12 CONN. L. RPTR. 53, footnote 2 (1994);Murphy v. Town of East Haven, Superior Court, judicial district of Hartford-New Britain at Hartford, No. 343193.
For the foregoing reasons, the third-party defendant's motion to strike is granted.
LEVIN, J.