[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO STRIKE (#118)
This action was originally commenced by an employee of the intervening plaintiff, Lincoln Limousine Service, Inc. (Lincoln), who was allegedly shot while working. The employee filed an action against the defendant, Werner Valeur-Jensen, d/b/a Valeur Realty (Valeur). Valeur is Lincoln's landlord. Lincoln intervened to recover from the defendant-landlord monies paid to the employee as workers' compensation benefits. The defendant-landlord filed an amended two count counterclaim against Lincoln sounding in common law indemnification (count one) and contractual indemnification (count two). CT Page 2516
The intervening plaintiff has filed a motion to strike the amended counterclaim in its entirety on the ground that "[the defendant] cannot delegate to [the intervening plaintiff], by contract or otherwise, [the defendant's] duty to keep its premises reasonably safe. That duty is non-delegable." The intervening plaintiff has filed a memorandum in opposition arguing that the duty is delegable.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint. . . . to state a claim upon which relief can be granted." Faulkner v.United Technologies Corp. , 240 Conn. 576, 580, 693 A.2d 293
(1997). "If a motion to strike is directed to the entire [pleading], the motion must fail if any of the [non-movant's] claims is legally sufficient." Kovacs v. Kasper,41 Conn. Sup. 225, 226, 565 A.2d 18 (1989).
It is hornbook law that the issue of "non-delegable duty" to maintain a premises arises in land-possessor/land-entrant relationships. See, e.g., Morin v. Bell Court Condominium Assn.,Inc., 223 Conn. 323, 327, 612 A.2d 1197 (1992)("A possessor of land has a duty to an invitee to reasonably inspect and maintain the premises in order to render them reasonably safe.") This case surrounds a landlord/tenant relationship.[1] The legal sufficiency of the present counterclaim involves only the question of: Whether a tenant may be required to indemnify a landlord for monies paid to an employee of the tenant who is injured on the premises owned by the landlord and leased by the tenant?
"Indemnity involves a claim for reimbursement in full from one who is claimed to be primarily liable." Atkinson v. Berloni,23 Conn. App. 325, 326, 580 A.2d 84 (1990). "The right to indemnity is clear when the obligation springs from a separate contractual relation, such as [a tenant's] express agreement to hold the . . . landlord harmless." Ferryman v. Groton,212 Conn. 138, 145, 561 A.2d 432 (1989).
In order to maintain a cause of action sounding in indemnity, "the following essential elements must be [alleged]: (1) the party must have been negligent; (2) its negligence rather than another's was the direct and immediate cause of injury; (3) it had exclusive control over the situation; . . . (4) the negligent party seeking indemnification did not know of the charged party's negligence, had no reason to anticipate it and could reasonably CT Page 2517 have relied on the charged party to act without negligence[; and (5) there exists] an independent legal relationship between the indemnitor and the indemnitee giving rise to a special duty." (Citation omitted; internal quotation marks omitted.) Gluck v. Johnson, Superior Court, judicial district of Fairfield, Docket No. 0297741 (Jan. 9, 1996) (Levin, J.). 14 CONN. L. RPTR. 154. See Weintraub v. RichardDahn, Inc., 188 Conn. 570, 573, 452 A.2d 117 (1982); See alsoAtkinson v. Berloni, 23 Conn. App. 325 (1990); Mable v. BassTransportation Co., 40 Conn. Sup. 253, 490 A.2d 548 (1983), affirmed, 3 Conn. App. 547, 490 A.2d 538 (1985).
The defendant, in count one of the amended counterclaim, alleges that: the employee's injuries were caused by the intervening plaintiff's negligence, rather than the defendant's negligence; the intervening plaintiff was "in exclusive control of the situation"; the defendant "did not know of [the intervening plaintiff's] negligence" and "had no reason to anticipate it." The defendant also indicates that there exists a landlord/tenant relationship between the parties. The defendant, therefore, properly alleges all of the elements of indemnity as listed above.
The intervening plaintiff does not provide, and the court cannot find, authority for the proposition that a tenant cannot legally be required to indemnify a landlord. Based on the above discussion, the defendant's amended counterclaim is legally sufficient. The intervening plaintiff's motion to strike, therefore, is denied.
KARAZIN, J.