[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE (#110)
The plaintiff, Susan Campion, is the Trustee under the Will of Cornelius Colwell, and in that capacity is the owner of the premises located at 82 Morris Cove Road in New Haven, Connecticut. She filed a nine-count revised complaint on August 23, 1990 against the defendant, Daniel J. Maffeo, Jr., who owns the abutting premises at 86 Morris Cove Road.
The plaintiff alleges the following facts in her revised complaint. The defendant enlarged his residence along the waterline and "across the long-standing building lines," and built a structure to house both a hot tub and automobiles. In counts one and two the plaintiff claims that this construction extended across an easement over a common driveway. This is alleged to have deprived the plaintiff of the use and enjoyment of the right of way, and caused the value of the plaintiff's property to fall. In the third count, the plaintiff alleges that the defendant trespassed onto the plaintiff's property and CT Page 1411 created a dangerous condition by pouring concrete walkways extending onto the plaintiff's property. The fourth count contains an allegation that the enlargement along the waterline also interferred with the plaintiff's rights to light, air, and view, and the fifth count alleges that the conduct described in the fourth count violated zoning regulations. The plaintiff in the sixth count claims that she and the trust beneficiary occupying the premises were distressed by and sustained damages as a result of the use of an unsightly design in construction and the exposure of an unsightly steel I-beam. The seventh count claims that the defendant trespassed onto the plaintiff's property and maliciously uprooted a tree to further expose the plaintiff to a view of an unsightly structure.
The plaintiff alleges in count eight that the defendant inflicted emotional distress on both the plaintiff and the trust beneficiary when he trespassed to place a boat on part of the plaintiff's land on numerous occasions "for the malicious purpose of annoying, vexing and disturbing the free use of plaintiff's property." Lastly, the plaintiff alleges in count nine that the defendant trespassed onto the plaintiff's land to remove a boundary marker.
Before the court is the defendant's motion to strike the fourth and fifth counts, and those portions of the sixth and eighth counts which allege emotional distress.
A party may contest the legal sufficiency of any one or more counts of a complaint by filing a motion to strike. Practice Book 152. The motion "admits all facts well pleaded," but "does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS, Inc., 196 Conn. 91,109, 491 A.2d 368 (1985). In deciding upon the motion, a trial court "must take the facts to be those alleged in the complaint . . . and `cannot be aided by the assumption of any facts not therein alleged.'" Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990). "`It is of no moment that the plaintiff may not be able to prove [her] allegation at trial.'" Levine v. Bess and Paul Sigel Hebrew Academy of Greater Hartford, Inc., 39 Conn. Sup. 129, 132,471 A.2d 679 (Super.Ct. 1983). "The facts alleged in a complaint are to be construed in the way most favorable to the plaintiff." Mable v. Bass Transportation Co., 40 Conn. Sup. 253, 490 A.2d 548
(1983, Stoughton, J.) "[I]f facts provable under its allegation would support a defense of a cause of action, the motion to strike must fail." Mingachos v. CBS, Inc., supra. Allegations "absent sufficient facts to support them are subject to a motion to strike." Cavallo v. Derby Savings Bank,188 Conn. 281, 288, 449 A.2d 986 (1982). CT Page 1412
The fourth count alleges that the defendant erected a structure which interferes with the plaintiff's rights to light, air and view. The basis of the defendant's motion to strike the fourth count is that there are no such rights at common law in the absence of easements, and there is no allegation that the plaintiff is the holder of any such easements.
Connecticut does not recognize a common law right of unobstructed light, air and view. See Robinson v. Clapp,65 Conn. 365, 389-390. Since the plaintiff has no such rights at common law and since there is no allegation with respect to easements, the motion to strike the fourth count is granted.
The fifth count makes the same allegations as are contained in the fourth count but alleges that they are in violation of the zoning laws. A private cause of action may not be brought for a violation of the zoning regulations. General Statutes Section8-12 which sets forth the procedure when regulations are violated provides that if there is a violation of any zoning regulation that the "official" having jurisdiction may institute an action to restrain, correct or abate such violation and that such regulations shall be enforced by the official designated. No Connecticut case allows a private suit for money damages, although a private action seeking injunctive relief is proper. See Reynolds v. Soffer, 183 Conn. 67, 69 (1981). Zoning regulations in Connecticut are adopted for the purpose of protecting public welfare, not private individuals. The power to adopt zoning regulations "rests on the reasonable exercise of I police power in the public interest." Summ v. Zoning Commission of the Town of Ridgefield, 150 Conn. 79,91 (1962); Levine v. Board of Adjustment of City of New Britain, 125 Conn. 478 (1939).
Since the zoning statutes do not provide for a private cause of action for money damages for alleged violations the motion to strike the fifth count is granted.
The balance of the motion to strike requests that those I portions of the sixth and eighth counts alleging emotional distress be stricken.
"The legal sufficiency or insufficiency of these allegations notwithstanding, an individual paragraph contained in a complaint is not the proper subject of a motion to strike unless it embodies an entire cause of action." Depray v. St. Francis Hospital, 2 CSCR 691 (June 9, 1987, Dorsey, J.). See also Donovan v. Davis, 85 Conn. 394, 397-98 (1912); Schrader v. Rosenblatt, 26 Conn. Sup. 182, 183, (Super.Ct. 1965). CT Page 1413
Since the motion to strike with reference to counts six and eight only requests that portions of each count be stricken the motion to strike as to those counts must be denied.
Accordingly, the motion to strike is granted as to counts four and five and denied as to counts six and eight.
William L. Hadden, Jr., Judge