JOEL L. SAPHIR ET AL. *v.* EGON NEUSTADT ET AL.

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE No. 169202
FAIRFIELD AT BRIDGEPORT

Memorandum filed July 28, 1980

*Joel L. Saphir,* pro se, the plaintiff.

*Zeldes, Needle & Cooper,* for the defendants.

JACOBSON, J. The plaintiffs Richard J. Mannell and Irene E. Mannell named in the summons have been nonsuited.

---

[5] See footnote 1, supra.

The plaintiff Joel L. Saphir and the other members of the class in this class action are owners of parcels of land collectively known as Candlewood Lake Estates, situated in New Milford and/or Sherman.

The complaint alleges that the "defendant Candlewood Lake Estates Service Corp. . . . acquired title to all the roadways and community beaches, so called, located in Candlewood Lake Estates by Quit Claim Deed, dated May 11, 1966, from defendant Neustadt," who is the president of that defendant and the sole owner of its issued stock.

In count one of the complaint the plaintiffs allege that all deeds of conveyance imposed "upon the defendants, or one of them, a duty to construct and maintain the roadways and roads" referred to in the deeds and a corresponding obligation on the plaintiffs "to make an annual payment towards construction and/or maintenance of the roads and roadways"; further, that "[t]he defendants, or one of them, wrongfully used the [road] funds collected for the calendar year 1974 . . . for purposes other than those authorized by the provisions in the deeds of conveyance." Count two alleges similar obligations on the defendants and "a substantial majority" of the grantee-plaintiffs as to roads and the road fund and "beach maintenance," and, further, alleges wrongful use of the funds so collected. Both counts allege that "[t]he named plaintiffs and the members of the class identified and described . . . were damaged by such wrongful use" and are suing for damages and an accounting.

The defendants have filed two motions to strike: (1) "to strike all class action allegations contained in plaintiff's complaint" dated February 12, 1980; and (2) "to strike the 'individual allegations' of plaintiff's complaint" dated March 25, 1980.

As to the motion to strike the class action allegations, the defendants rely on § 90 of the Practice Book, which provides, in part: "Whenever the representation appears to the court inadequate fairly to protect the interests of absent parties who may be bound by the judgment, the court may at any time prior to judgment order an amendment of the pleadings, eliminating therefrom all reference to representation of absent persons, and the court shall order entry of judgment in such form as to affect only the parties to the action and those adequately represented." The defendants contend, further, that the "[p]laintiff, who is pro se, cannot be an adequate class representative."[1] A motion to strike may be used to test the sufficiency of allegations establishing the propriety of a class action. *Hardware Mutual Casualty Co.* v. *Premo,* 25 Conn. Sup. 309, 314–15, 203 A.2d 433 (1964).

As noted, the named plaintiff is proceeding pro se. Practice Book § 87, which sets forth the prerequisites for class actions, provides that "(4) the representative parties will fairly and adequately protect the interests of the class." This section refers, inter alia, to the competency of counsel. 3 Stephenson, Conn. Civ. Proc. (2d Ed.) § 279, p. 24. In determining the adequacy of protection of a proposed class, "the court should consider [inter alia] whether counsel is competent and diligent." *Governors Grove Condominium*

---

[1] It should be noted that the named plaintiff has not yet moved for certification of the class.

Although not expressly required by statute or by the Practice Book, a plaintiff generally files a motion seeking certification of a class. See *Lublin* v. *Brown,* 168 Conn. 212, 216–17, 362 A.2d 769 (1975); *Governors Grove Condominium Assn., Inc.* v. *Hill Development Corporation,* 35 Conn. Sup. 199, 404 A.2d 131 (1979); cf. 3 Stephenson, Conn. Civ. Proc. (2d Ed.) § 277 (d), p. 12: "[T]he Connecticut rule ought to be interpreted so as to allow for certification, so that all parties and members of the class know whether the rights of class members are being affected." Unlike federal practice, however, certification need not take place at the outset. 3 Stephenson, supra, § 282 (b), p. 37.

*Assn., Inc.* v. *Hill Development Corporation,* 35 Conn. Sup. 199, 202, 404 A.2d 131 (1979). Under General Statutes § 51-88, the plaintiff Saphir cannot appear as attorney for anyone but himself in this action. Whether pro se status alone suffices to strike the class action allegations, however, is not clear.

In addition to the problem presented by the pro se status of the named plaintiff, is the sufficiency of the allegation. In *Hardware Mutual Casualty Co.* v. *Premo,* supra, 315, the court found sufficient the allegation that " '. . . plaintiffs and defendants are competent to participate in this action . . .' " coupled with reference to General Statutes § 52-105, which governs representation of numerous parties by one party. The present complaint merely alleges that the plaintiffs "represent in this action themselves and other members of a class." This allegation is insufficient. Other matters presented in the "plaintiffs' " affidavit and brief dated April 11, 1980, are not proper for consideration on the present motion. See, e.g., *Ivler* v. *Stanton,* 161 Conn. 568, 569–70, 287 A.2d 742 (1971) and cases cited therein.

Therefore, the motion to strike the class action allegations is granted.

As to the defendants' second motion, to strike the "individual allegations" of the plaintiff's complaint for failure to state a claim upon which relief may be granted, the defendants argue that the relevant deeds do not set forth a contract between the parties concerning a road fund; i.e., that the defendants were not restricted in their use of the subject funds. The deeds submitted by the defendants cannot be considered by the court in deciding the issue at hand because the defendants are precluded from pleading additional facts in their motion to strike. 1 Stephenson, Conn. Civ. Proc. (2d Ed.) § 116 (b), p. 471. As to the second count, the defendants argue that the named plaintiff,

by his failure timely to respond to a request for admissions, has admitted that he has no deeded right to use any beach in Candlewood Lake Estates. The absence of a deeded right to beach use is not dispositive, however, because the plaintiff may have a private right or easement in the beach if it is delineated on the map referred to. See *Aunt Hack Ridge Estates, Inc.* v. *Planning Commission,* 160 Conn. 109, 116, 273 A.2d 880 (1970).

Since the grounds enumerated by the defendants are insufficient to support this motion to strike, it is hereby denied.