[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action wherein the plaintiff, Sanitary Services Corporation, is seeking injunctive and declaratory relief as an unsuccessful bidder on a contract for municipal refuse collection and disposal. On February 23, 1989 the plaintiff filed a two count complaint against the City of Ansonia (Ansonia or city) and Browning-Ferris Industries, Inc. (BFI). On March 27, 1989 the plaintiff filed an amended two count complaint. The first count alleges the following. In October and November of 1988, Ansonia solicited bids from contractors for the city's three year municipal refuse collection and disposal contract (the contract). The contract bid specifications requested price quotations for curbside collection, delivery to a specified location within the city, and transportation from there to an ultimate disposal site to which the contractor had access. The contract is subject to a competitive bidding provision in the city's charter which requires the contract to be awarded to "the lowest responsible bidder." On November 10, 1988 the plaintiff and BFI submitted bids for the contract. No other bids were received by the city. The bids by the plaintiff and BFI are set forth showing that the plaintiff had the lowest bid for curbside collection and delivery to the specified location within the city and the lowest bid for transportation from the specified location within the city to an ultimate disposal site to which the bidder has access.
The first count further alleges that the Ansonia Board of Public Works and the Ansonia Board of Aldermen considered the bids in executive session in violation of Conn. Gen. Stat.1-18a(e) and 1-21. On January 6, 1989 the city executed the contract with BFI. The city officials in awarding the contract to BFI "were influenced by favoritism and the object and CT Page 3762 integrity of the competitive bidding process was defeated by the conduct of the city officials." Furthermore, the plaintiff "has been irreparably harmed, economically and in its business reputation, by the award of the contract to BFI and has no adequate remedy at law."
The second count incorporates the allegations of the first count and further alleges that the plaintiff is a taxpayer in Ansonia, that the conduct of the city officials has caused the plaintiff severe pecuniary injury and damage to its business reputation, and that the improper conduct of the city officials will result directly or indirectly in an increase in the plaintiff's tax liability.
In the demand for relief the plaintiff claims: (1) a temporary and permanent injunction prohibiting the defendants from performing the contract; (2) a temporary and permanent injunction directing the city to award the contract to the plaintiff; (3) a judicial declaration of the rights of the parties; and (4) such other relief as the court seems just and proper.
On August 3, 1989 the defendant BFI filed a motion to dismiss counts one and two and in the alternative paragraphs 18 and 20 of count one and the related demands for injunctive and declaratory relief. BFI claimed inter alia that the plaintiff, as a disappointed bidder, had no justifiable right to challenge the contract. In April 11, 1990 Judge Purtill denied the motion to dismiss. Sanitary Services Corporation v. Ansonia,5 CSCR 313 (April 12, 1990, Purtill, J.).
On May 2, 1990 the plaintiff filed a request to file a second amended complaint and a second amended complaint pursuant to Conn. Practice Bk. 176. The second amended complaint is substantially the same as the first amended complaint. The second amended complaint in paragraph three corrects the status of BFI as a Connecticut corporation and adds further information to paragraph seven. In addition, paragraphs 22 and 23 provide additional factual allegations regarding the manner in which the object and integrity of the competitive bidding process was defeated by the conduct of the city officials.
Paragraph 22 alleges that Ansonia violated its bid specifications in awarding contract to BFI which did not provide for delivery of the refuse to the Ansonia Public Works Project and did not provide for transportation to a disposal site which BFI could assure the city access.
Paragraph 23 alleges that the decision to award the CT Page 3763 contract to BFI was the product of misinformation which city officials provided either intentionally or unintentionally. Specifically city officials told the Board of Public Works and the Board of Alderman that the Town of Seymour was dissatisfied with the performance of the plaintiff under a contract with Seymour. In addition, Ansonia officials told the Boards that the plaintiff's bid "failed to name its landfill disposal site" as required by the bid specifications when the bid specifications did not contain such a specification.
On May 16, 1990 the defendant BFI filed an objection to the plaintiff's request to file a second amended complaint, which objection appears not to have been ruled on.
On October 15, 1990 the defendants BFI and Ansonia filed a motion to strike the first and second counts of the amended complaint and the corresponding claims for relief, together with a memorandum of law in support thereof. The plaintiff has filed a memorandum of law in opposition thereto. The defendant BFI has also had a reply memorandum. The defendant BFI's reply memorandum in support of the motion to strike addresses the second amended complaint.
 II
The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. Conn. Practice Bk. 152; Gordon v. Bridgeport, 208 Conn. 161, 170 (1988). The court must construe the facts in the complaint most favorably to the plaintiff. Gordon, 208 Conn. at 170. The moving party is precluded from pleading additional facts in its motion to strike. Saphir v. Nuestadt, 37 Conn. Sup. 46, 49
(Super.Ct. 1980). Such extraneous material makes the motion the equivalent of a speaking motion to strike and may not be considered by the court. Connecticut State Oil Company v. Carbone, 36 Conn. Sup. 181, 182 (Super.Ct. 1979).
The defendants' motion seeks to strike the first and second counts of plaintiff's complaint on the ground that the plaintiff has failed to set forth facts which constitute a legally sufficient claim upon which relief can be granted.
 III
Count One: Unsuccessful Bidder
In support of their motion to strike the first count of plaintiff's complaint, the defendants set forth facts which contradict the facts set forth in the complaint. For example, CT Page 3764 the defendants contend that BFI's bid documents identified the names and locations of disposal sites whereas the plaintiff's bid documents failed to do so.
Where the legal grounds for the motion to strike are dependent upon underlying facts which are not alleged in the pleading being addressed, the movant must await the evidence which may be adduced at trial, and the motion should be denied. Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 358 (1990). The motion to strike is defective in that it relies on factual allegations which are not alleged in the pleadings being addressed. Therefore, the defendants' motion to strike the first count is denied.
 IV
Count Two: Taxpayer Standing
The defendants claim that the second count should be stricken because the plaintiff does not have taxpayer standing. The defendants argue "there is no taxpayer cause of action to challenge from whom the municipality buys the goods or services." The plaintiff argues that it has alleged facts sufficient to invoke taxpayer standing.
The Connecticut Supreme Court has stated that it has "`long recognized the capacity of taxpayers of towns and cities to challenge the legality of the actions of their municipal officers by seeking injunctive relieve against such action.'" Highgate Condominium Assn. v. Watertown Fire District,210 Conn. 6, 15 (1989) [quoting Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 548 (1980)]. Two conditions are necessary to maintain an action based on taxpayer standing: "(1) the plaintiff must be a taxpayer of the defendant municipal entity; and (2) the plaintiff must allege and demonstrate that the allegedly improper municipal conduct causes him to suffer `some pecuniary or other great injury."' Alarm Applications Co., 179 at 549. In Alarm Applications Co., the Connecticut Supreme Court determined that the corporate plaintiff's allegations of lost profits satisfied the second prong of the above taxpayer standing test.
In the case at hand, the plaintiff alleges that it is a taxpayer in Ansonia. The plaintiff also alleges that the improper conduct of the city officials caused the plaintiff to suffer severe pecuniary injury, damage to its business reputation, the loss of a substantial contract, and the direct or indirect result of an increase in tax liability. Under the taxpayer standing test set forth in Alarm Applications Co.,179 Conn. at 549, the plaintiff has sufficiently alleged taxpayer CT Page 3765 standing.
 V
Declaratory Judgment
The plaintiff seeks a declaratory judgment pursuant to Conn. Gen. Stat. 52-29 and Conn. Practice Bk. 388 through 394 stating that the plaintiff was the lowest responsible bidder and that the contract between BFI and Ansonia is void. The defendants argue that a "(d)eclaratory judgment is not available here because, as an unsuccessful bidder, Sanitary Services has no legal or equitable interest in the contract awarded by Ansonia to BFIC." Whether the plaintiff has a legal or equitable interest in the contract is an issue of fact.
Where the legal grounds for the motion to strike are dependent upon underlying facts which are not alleged in the pleading being addressed, the movant must await the evidence which may be adduced at trial, and the motion should be denied. Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 358 (1990). The defendants' motion to strike the prayer for declaratory relief is denied as it goes to the merits of the plaintiff's claim which should be determined at time of trial rather than on a motion to strike.
 IV
Injunctive Relief
The plaintiff seeks temporary and permanent injunctive relief to prohibit the defendants from performing the contract and to direct Ansonia to award the contract to the plaintiff. The defendants argue that the plaintiff "has not and cannot plead sufficient facts to meet the Spiniello standard" and therefore its claim for an injunction cannot survive a motion to strike. "The issuance of an injunction is always discretionary with the trial court. . . ." Gorra Realty, Inc. v. Jetmore, 200 Conn. 151, 165 (1986). Because the defendants' motion to strike counts one and two of the second amended complaint are denied, the motion to strike the corresponding claims for injunctive relief is also denied.
Stengel, J.