[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #109
This matter is before the court on the defendant Ellen Rubino's motion to strike the third count of the plaintiff's complaint and the plaintiff's third request for relief.
The plaintiff, Gary Faiman, filed a complaint on May 2, 1990 against the defendants, Meyers Associates, James Terry Meyers, and Ellen Rubino. Faiman alleges that on July 15, 1985, Rubino contracted with Meyer Associates and/or Meyers to survey unimproved property located at 900 West Woods Road in Hamden, Connecticut, that was to be conveyed by Rubino to Faiman. The survey set forth boundaries, wetlands lines, and topographical lines, and was certified by Meyers. Faiman alleges that relying on the survey, he purchased the property from Rubino with the intent to subdivide and develop the property. Count one alleges that Meyers Associates and/or Meyers was negligent in preparing the survey in that the survey "failed to properly disclose the encroachment of the maintained lawn from property now or formerly of [neighbors on the northerly, westerly, and easterly] side of said property." The survey also allegedly failed to disclose the proper location, size and boundaries of the wetlands.
In the second count, Faiman alleges that Meyers Associates CT Page 5847 and/or Meyers knew or reasonably could have anticipated that the survey would be used by third parties seeking to purchase the property from Rubino, and was negligent in preparing the survey.
Faiman alleges in the third count that on June 6, 1988, Rubino "offered to sell a 22 acre site at $58,500 per approved lot representing that topographical, wetlands, and surveys were in place, and that 10 to 15 lots were expected, with the Buyer to obtain approvals. . . ." Faiman further alleges that "[t]o induce the Plaintiff to enter into a purchase and sale agreement, the Defendant Rubino provided a copy of said survey and topographical map prepared by the Defendant James Terry Meyers and/or the Defendant Meyers Associates to the Plaintiff." Faiman alleges that in reliance on the survey, Faiman purchased the property. Faiman alleges that the defects in the survey were unknown to both Faiman and Rubino, and "[a]s a result of the mutual mistake of fact, the plaintiff paid an excessive price. . . ." Faiman requests the "reformation of the purchase and sale agreement to adjust the purchase price so as to reflect the true number of lots that can be approved and/or the true fair market value of the property . . . given the correct location of the wetlands boundaries and encroachments."
On May 10, 1991, the defendant Rubino filed a motion to strike the third count of the complaint and the third request for relief on the ground that the plaintiff may not seek a reformation of a contract where a mutual mistake is alleged. Rubino argues that a plaintiff cannot seek the reformation of an agreement that never existed, and that in this case, no agreement ever existed because of the lack of mutual assent between the parties.
On May 23, 1991, the plaintiff Faiman filed a memorandum of law in opposition to Rubino's motion to strike. Faiman argues that "courts have allowed reformation of a purchase agreement for conveyance of land for mutual mistake based on the extent or condition of the property being conveyed." The plaintiff maintains that there was a meeting of the minds as to the value of the property based on the assumption that the property contained 10 to 15 building lots, but that there was a mutual mistake as to the fact that less than 10 to 15 lots could be created from the property. He maintains that he is entitled to prove this mutual mistake.
A motion to strike is a means of testing the legal sufficiency of a pleading. Practice Book 152. Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). The court assumes the truth of all well-pleaded facts. Beaudoin v. Town Oil Co.,207 Conn. 575, 588, 542 A.2d 1124 (1988). "A court may not seek beyond the complaint for facts not alleged." Cavallo v. Derby Savings Bank, 188 Conn. 281, 449 A.2d 986 (1982). Likewise, the CT Page 5848 moving party is "precluded from pleading additional facts in their motion to strike." Saphir v. Neustadt, 37 Conn. Sup. 46, 49,429 A.2d 972 (Super.Ct. 1980). "In judging a motion to strike, . . .' it is of no moment that the plaintiff may not be able to prove [his] allegation at trial.'" Levine v. Bess and Paul Sigel Hebrew Academy of Greater Hartford, Inc., 39 Conn. Sup. 129, 132,471 A.2d 679 (Super.Ct. 1983). "The facts alleged in a complaint are to be construed in the way most favorable to the plaintiff." Mable v. Bass Transportation Co., 40 Conn. Sup. 253, 490 A.2d 548
(1983), (Stoughton, J.).
"Reformation is appropriate in cases of mutual mistake — that is where, in reducing to writing an agreement made or transaction entered into as intended by the parties thereto, through mistake, common to both parties, the written instrument fails to express the real agreement or transaction." (Citations omitted.) Harlach v. Metropolitan Property Liability Ins. Co., 221 Conn. 185, 190,___ A.2d ___ (1992), quoting Home Owner's Loan Corporation v. Stevens, 120 Conn. 6, 9-10, 179 A. 330 (1935). "[I]t must be established that both parties agreed to something different from what is expressed in writing. . . . If the right to reformation is grounded solely on mistake, it is required that the mistake be mutual, and to prevail in such a case, it must appear that the writing, as reformed, will express what was understood and agreed to by both parties." (Citations omitted.) Greenwich Contracting Co. v. Bonwit Construction Co., 156 Conn. 123, 127, 239 A.2d 519
(1968). "Reformation is not granted for the purpose of alleviating a hard or oppressive bargain, but rather to restate the intended terms of an agreement when the writing that memorializes that agreement is at variance with the intent of both parties. . . ." (Citation omitted.) Lopinto v. Haines, 185 Conn. 527,532, 441 A.2d 151 (1981).
Here, construing the complaint most favorably to the nonmoving party, the plaintiff has alleged that there was an agreement in that the plaintiff and the defendant Rubino agreed to a particular price-per approved lot. The plaintiff has also alleged that there was a mutual mistake in that the defects of the survey were unknown to both the plaintiff and the defendant Rubino, and that as a result, the plaintiff paid the price agreed upon, but received less land because of the defects in the survey.
Therefore, since the plaintiff's complaint contains allegations of an agreement and a mutual mistake, it sufficiently sets forth a cause of action permitting the relief sought, and the motion to strike is, accordingly, denied.
Maiocco, J. CT Page 5848-A