[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
RE: MOTION TO STRIKE # 103
The plaintiff, Ralph Carloni, filed a complaint on July 26, 1991 against the defendants, Dominic Palumbo, William D'Adamo, and DFP Enterprises (DFP). The plaintiff alleges as follows. The plaintiff and the defendants, Palumbo and D'Adamo, were shareholders, directors and officers of 191 Distribution Center, Inc. (the Corporation). The plaintiff held a one-third interest in the Corporation and Palumbo and D'Adamo held a joint one-third interest in the Corporation. Palumbo and D'Adamo were also partners in the defendant DFP.
On November 15, 1988, the Corporation entered into a lease for premises known as 2 Toelles Road, Wallingford, Connecticut with DFP for a term of three years. The plaintiff and Palumbo executed a guaranty to DFP under which they were individually, not jointly and severally, liable for the payment of half of the total rent if the Corporation defaulted on its rent payments. In or about September 1989, the Corporation ceased making payments under the lease, and DFP demanded that the plaintiff make payments under the guaranty.
On about July 13, 1990, the plaintiff entered into a settlement agreement with Palumbo and D'Adamo to pay $130,000 to DFP and the plaintiff was released from liability under the guaranty. However, before the settlement was executed, DFP agreed to release the premises to another tenant. Palumbo and D'Adamo did not disclose to the plaintiff that a new tenant had been located. He further alleges that when he questioned the defendants' attorney about some "activity" he had heard of at the premises, he was told that the area was being cleaned, but was not told that the cleaning was in preparation for a new tenant. The plaintiff alleges that this nondisclosure was material to the plaintiff's decision to enter into an agreement settling his obligations under the guaranty, and to his determination of the amount to be paid under the settlement.
In paragraph 19(c) of the first count, the plaintiff alleges that as fellow shareholders, officers, and directors in a closely-held corporation, Palumbo and D'Adamo breached their fiduciary duty to the plaintiff by failing to inform him of the CT Page 6873 new tenants or of the negotiations with the potential new tenants, and by "intentionally misrepresenting to the plaintiff . . . the nature of the `activity' at [the premises] so that plaintiff would not learn that a new tenant had been found . . . and would execute the settlement. . . ."
In the second count, the plaintiff alleges that the false statements were made to induce the plaintiff to enter into the settlement agreement, and that the plaintiff reasonably relied on the statements.
The plaintiff alleges in the third count that the defendants were engaged in trade or commerce in renting or leasing real property, and that the defendants' acts constitute unfair and deceptive acts or practices in the conduct of trade or commerce in violation of the Connecticut Unfair Trade Practices Act (CUTPA). The plaintiff further alleges that the defendants acted with reckless indifference to the plaintiff's rights or intentionally violated those rights.
The plaintiff, in the fourth count, alleges that the defendants breached their duty of good faith and fair dealing.
In his prayer for relief, the plaintiff requests damages; punitive damages as to the second, third and fourth counts; and attorneys' fees as to the third count.
On December 18, 1991, the defendants filed a motion to strike the first and third counts, the plaintiff's request for punitive damages in the second count, and the plaintiff's request for punitive damages in the second count, and the plaintiff's request for punitive damages and attorney's fees as to the third count. In their memorandum in support of their motion, the defendants argue as to the first count that Palumbo and D'Adamo as officers and directors owed a fiduciary duty to the corporation and stockholders, but that they as partners in DFP did not have a duty to disclose to the plaintiff the activities of DFP simply because the defendants were also shareholders in the Corporation. They maintain that the scope of the fiduciary duty owed is limited to the activities of the corporation and the defendants' dealings with the corporation and its shareholders regarding the business of the corporation.
In support of striking count three, the defendants argue that settlement negotiations and settlement of a personal guaranty of a corporate debt are not within the ambit of CUTPA's definition of trade or commerce. They further assert that even if it is assumed that the defendants made false representations during settlement negotiations and the acts constitute trade or commerce, "public policy considerations mandate that settlement CT Page 6874 negotiations and settlement be excluded from the scope of CUTPA."
With regard to the plaintiff's request for punitive damages as to the second count, the defendants argue that common law punitive damages may be awarded only when a defendant exhibited reckless indifference to the rights of others or an intentional and wanton violation of those rights but that since no such allegations were made, the request should be stricken. As to the plaintiff's requests for punitive damages and attorneys' fees under CUTPA, the defendants argue that CUTPA permits punitive damages when the defendant has engaged in wanton and malicious actions with evil motive and violence, but that since the plaintiff has not made any such allegations, the request should be stricken.
The plaintiff filed a memorandum of law in opposition to the defendants' motion to strike on January 17, 1992. The plaintiff argues that the defendants were not free to ignore their duty to the plaintiff because they were acting solely on behalf of DFP Enterprises, and that there is no legal authority for the Proposition that the scope of the defendants' duty is as narrow as they maintain it is. He asserts that the transaction was related to the business of the corporation, and that the principal question during enforcement of the guaranty was the corporation's liability for unpaid rent. The plaintiff argues that the defendants gained considerable personal financial benefit by collecting both settlement money from the plaintiff and rent from the new tenant, and that this conduct was a breach of the fiduciary duty owed to the plaintiff.
The plaintiff further argues that the personal guaranty was secured from the plaintiff in connection with the leasing of the property, and that in the course of enforcing the agreement, the defendants made false representations. The plaintiff maintains that because the settlement negotiations relate to the enforcement of an agreement concerning the lease of commercial property, the false representations come within the scope of CUTPA as they occurred in the conduct of the defendants' leasing business. He argues that the settlement cannot be divorced from the underlying real estate transaction.
Last, the plaintiff argues that punitive damages may be awarded upon a showing of fraud, and that since the second count alleges fraud, the request should not be stricken. Additionally, plaintiff argues that 42-110g(a) allows the court to award punitive damages in its discretion, and that therefore, striking this request at this stage would be improper.
A motion to strike is a means of testing the legal sufficiency of a pleading. Practice Book 152; Mingachos v. CBS, CT Page 6875 Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). The court assumes the truth of all well-pleaded facts. Beaudoin v. Town Oil Co.,207 Conn. 575, 588, 542 A.2d 1124 (1988). "A court may not seek beyond the complaint for facts not alleged." Cavallo v. Derby Savings Bank, 188 Conn. 281, 449 A.2d 986 (1982). Likewise, the moving party is "precluded from pleading additional facts in their motion to strike." Saphir v. Neustadt, 37 Conn. Sup. 46,49, 429 A.2d 972 (Super.Ct. 1980). "In judging a motion to strike, . . . `it is of no moment that the plaintiff may not be able to prove [his] allegation at trial.'" Levine v. Bess and Paul Sigel Hebrew Academy of Greater Hartford, Inc.,39 Conn. Sup. 129, 132, 471 A.2d 679 (Super.Ct. 1983). "The facts alleged in a complaint are to be construed in the way most favorable to the plaintiff." Mable v. Bass Transportation Co.,40 Conn. Sup. 253, 490 A.2d 548 (1983, Stoughton, J.).
I. First Count — Breach of Fiduciary Duty
"Connecticut courts have chosen not to specifically define `fiduciary relationship. '" Sportsmen's Paradise v. Peerless Insurance Company, 6 CTLR 44, 45 (March 16, 1992, Dranginis, J.), citing Dunham v. Dunham, 204 Conn. 303, 320, 528 A.2d 1123
(1987). "Rather than attempt to define `a fiduciary relationship in precise detail and in such a manner to exclude new situations,' [the Connecticut Supreme Court] ha[s] instead chosen to leave `the bars down for situations in which there is a justifiable trust confided on one side and a resulting superiority and influence on the other.'" Dunham v. Dunham, supra, citing Alaimo v. Royer, 188 Conn. 36, 41, 448 A.2d 207
(1982). Whether or not a fiduciary relationship exists is a question of fact reserved for the trier of fact. Connecticut National Bank v. Anderson, 5 CTLR 60, 61 (October 21, 1991, Pickett, J.), citing Alaimo v. Royer, supra. Thus, "the question of whether a fiduciary duty exists in the present matter, is a question of fact. . . ." Sportsmen's Paradise v. Peerless Insurance Company, supra; Connecticut National Bank v. Anderson, supra, 61. Therefore, since a question of fact is not properly decided on a motion to strike and because the plaintiff has alleged sufficient facts which, if proven, could show a breach of a fiduciary duty, the motion to strike the first count is denied.
II. Third Count — CUTPA
Under the Connecticut Unfair Trade Practices Act, "No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." General Statutes 42-110b(a). "Trade" and "commerce" are defined as "the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal CT Page 6876 or mixed, and any other article, commodity, or thing of value in this state." General Statutes 42-110a(4).
Here, the plaintiff alleges that the defendants acted unfairly and deceptively during the course of negotiations to settle a guaranty agreement which was entered into in connection with a lease. The alleged deception occurred in the conduct of negotiating a settlement under a guaranty agreement, and not in the conduct of leasing any property to the plaintiff. While the guarantee agreement was related to an underlying lease, the negotiation of a settlement under the guaranty does not constitute "trade" or "commerce" within the meaning of General Statutes 42-110a(4). Since the plaintiff has made no allegation that any unfair or deceptive practice occurred during the course of leasing the premises or offering the premises for lease, the plaintiff has not alleged sufficient facts to state a claim under CUTPA. Therefore, the motion to strike the third count is granted.
III. Punitive Damages and Attorneys' Fees
Common law punitive damages are awarded "when the evidence shows a reckless indifference to the rights of others or an intentional and wanton violation of those rights." Kenny v. Civil Service Commission, 197 Conn. 270, 277, 496 A.2d 956
(1985). "Punitive damages may be awarded upon a showing of fraud." O'Leary v. Industrial Park Corporation, 211 Conn. 648,651, 560 A.2d 968 (1989). Here, the second count sounds in fraud and consequently the motion to strike the request for punitive damages under the second count is denied accordingly.
As to the request for punitive damages and attorneys' fees under the CUTPA claim, since the motion to strike the CUTPA claim has been granted, the motion to strike the request for punitive damages and attorneys' fees under CUTPA must of necessity be granted as well.
In summary, the court GRANTS the defendant's motion to strike count three (CUTPA) and the corresponding prayers for relief seeking punitive damages and attorneys fees under CUTPA; and DENIES the motion to strike count one (Breach of Fiduciary Duty), and the prayer for relief seeking punitive damages under Count Two (Fraud).
THE COURT
Maiocco, Judge CT Page 6877