[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ARTICULATION OF DECISION ON MOTION TO STRIKE
The plaintiff, First Federal Savings and Loan Association of Rochester, filed a complaint on December 30, 1991 alleging that the defendants, Paige A. Nielsen and Arthur T. Nielsen, granted the plaintiff's assignor a mortgage on property located at 44 Sunny Hill Drive, Madison, CT to secure a note. The plaintiff further alleges that it is the current holder of the note and mortgage, and that the defendants defaulted on the installment due on September 1, 1991.
The plaintiff requests a foreclosure of the premises, immediate possession of the premises, a deficiency judgment, reasonable attorney's fees, and such other equitable CT Page 8813 relief as the court may deem proper.
The defendants filed an answer containing a special defense and a counterclaim which both allege a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes42-110a through 42-110g. The defendants allege that the defendant Arthur Nielsen contacted the plaintiff to attempt to negotiate the disposition of the note and mortgage, and that he requested that the plaintiff accept a Deed in Lieu of Foreclosure. He obtained and forwarded an appraisal report and other requirements including copies of tax returns, pay stubs and a financial statement. Shortly thereafter, he was advised that the plaintiff would order an independent appraisal of the property. Since then, no second appraisal was performed, nor have the defendants received a response from the plaintiff to their request that the plaintiff accept a Deed in Lieu of Foreclosure. The defendants allege that these actions constitute a violation of CUTPA and that they were "improper, oppressive and unscrupulous and caused substantial injury to the Defendants."
The plaintiff filed a motion to strike the defendants' special defense and counterclaim on the grounds that (1) the facts alleged do not support a CUTPA claim, (2) the facts alleged refer to settlement negotiations between the parties, which the plaintiff argues are inadmissible, (3) the defendants failed to allege that they suffered an "ascertainable loss" as a result of the plaintiff's alleged actions, (4) CUTPA does not apply to banks, and (5) an offer of a Deed in Lieu of Foreclosure is not an offer of payment in full of the underlying debt.
A motion to strike tests the legal sufficiency of a pleading. Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432
(1989). The motion should set forth each claim of insufficiency and should specify the reasons for each claimed insufficiency. Practice Book 154. If the party opposing the motion makes no objection to the form of a motion, the motion will be considered in the form presented to the trial court. Morris v. Hartford Courant Co., 200 Conn. 676, 683, n. 5, 513 A.2d 66 (1986).
The motion to strike "admits all facts well pleaded; it does not admit legal conclusions." Mingachos v. CBS, Inc., 196 Conn. 91,109, 491 A.2d 368 (1985). "In deciding upon [it], a trial court must take the facts to be those alleged in the complaint; . . . and `cannot be aided by the assumption of any facts not therein alleged.'" Liljedahl Bros., Inc. v. Grigsby, CT Page 8814215 Conn. 345, 348, 576 A.2d 149 (1990). The moving party is "precluded from pleading additional facts in their motion to strike." Saphir v. Neustadt, 37 Conn. Sup. 46, 49, 429 A.2d 972
(Super.Ct. 1980). "The facts alleged in a complaint are to be construed in the way most favorable to the [pleading party]." Mable v. Bass Transportation Co., 40 Conn. Sup. 253, 490 A.2d 548
(1983, Stoughton, J.). "In judging a motion to strike . . . `it is of no moment that the [pleading party] may not be able to prove [his] allegation at trial.'" Levine v. Bess and Paul Sigel Hebrew Academy of Greater Hartford, Inc., 39 Conn. Sup. 129, 132,471 A.2d 679 (Super.Ct. 1983).
I. First Ground:
The plaintiff's first ground for its motion to strike is that the facts alleged do not support a CUTPA claim. Under CUTPA, "[a] trade practice is unfair when it offends established public policy and is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." McLaughlin Ford, Inc. v. Ford Motor Co., 192 Conn. 558, 563, 473 A.2d 1185 (1984). The test for defining when a practice is unfair is:
 (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise . . . whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [(competitors or other businessmen)]. Id., 568.
"An actual deceptive practice is one that has the `tendency or capacity to deceive.'" National Industrial Bank of Connecticut v. Harmon, 1 Conn. L. Rptr. 288, 289 (February 16, 1990, Hammer, J.). The defendants' allegations, construed most favorably to them, furnish a sufficient basis for the inference that the plaintiff's acts and omissions may have had a tendency or capacity to deceive. Therefore, the motion to strike is denied CT Page 8815 on this ground.
II. Second Ground:
The plaintiff's second ground for its motion to strike is that the defendants' allegations refer to settlement negotiations which are not admissible as evidence. The admissibility of evidence is not properly raised on a motion to strike. The purpose of a motion to strike is to test the legal sufficiency of the pleadings. The admissibility of evidence goes to the proof of the facts pleaded, not to their legal sufficiency. Therefore, the second ground for the plaintiff's motion is not an adequate ground on which to grant the motion to strike, and it is denied.
III Third Ground:
The third ground to strike for the motion is that the defendants failed to allege an ascertainable loss as a result of the plaintiff's alleged actions.
 Under CUTPA, a claimant seeking damages bears the burden of proving, with reasonable certainty, those damages sustained as a result of his injury. . . . Although damages often are `not susceptible of exact pecuniary computation and must be left largely to the sound judgment of the trier . . . this situation does not invalidate a damage award as long as `the evidence afforded a basis for a reasonable estimate by the [trier] of that amount.'" (Citations omitted.).
Conway v. Prestia, 191 Conn. 484, 494 464 A.2d 847 (1983). "[T]here is no need to allege or prove the amount of the ascertainable loss." Hinchliffe v. American Motors Corporation,184 Conn. 607, 614, 440 A.2d 810 (1981).
Here, the plaintiff alleges an ascertainable loss, namely, the loss of the property foreclosed upon. Therefore, the motion to strike is denied on this basis.
IV. Fourth Ground: CT Page 8816
The fourth ground is that CUTPA does not apply to banks. There is a split of authority as to whether CUTPA applies to banks. The majority of Superior Court decisions hold that CUTPA applies to banks. This is the better view. See Connecticut National Bank v. Gager, 6 CSCR (May 28, 1991, Leuba, J.); Economic Development Associates v. CityTrust, 6 CSCR 400 (April 22, 1991, Dranginis, J.); National Industrial Bank of Connecticut v. Harmon, supra; Peterson v. People's Bank, 1 Conn. L. Rptr. 73, 75 (December 5, 1985, Curran, J.). "CUTPA is a remedial statute and it is to be construed liberally to effectuate its public policy goals. . . . [Therefore,] granting banking institutions CUTPA exemption may be improper judicial expansion of a legislative exception." Peterson v. People's Bank, supra.
Additionally, `CUTPA does not explicitly exclude banks, although this option was available to the legislature, which provided certain exceptions to CUTPA'S coverage." (Citation omitted.). Id.
Therefore, this ground is not a sufficient ground on which to grant the motion to strike, and it is thusly denied.
V. Fifth Ground:
The fifth basis for the motion to strike is that an offer of a deed in lieu of foreclosure is not an offer of full payment of the debt. The plaintiff argues that a mortgagee is not required to accept a deed in lieu of foreclosure of its mortgage, and the debtor has no right to deed property in settlement of a debt where the contract provides for payment in money. The defendants argue that the conduct that they allege as an unfair trade practice is the failure to respond after implying that a deed in lieu of foreclosure would be acceptable if certain conditions were met, and not the actual failure to accept the deed in lieu of foreclosure.
The plaintiff's argument goes to the merits of the case and is not appropriately raised on a motion to strike. 500 Blake Street v. Sonitrol Services of New Haven, 4 CSCR 811 (November 27, 1989, Cretella, J.). Therefore, this ground is not c sufficient basis on which to grant the motion to strike, and it is denied.
The plaintiff's motion to strike is denied. CT Page 8817
DONALD W. CELOTTO, JUDGE.