[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT, CRANE'S, MOTION TO STRIKE
The plaintiffs in this case are Daniel and Dale Maltagliati and their two minor children, Nicholas and Morgan Maltagliati, all of whom reside in East Granby, Connecticut. The defendants are William H. Wilson, a builder, and the Ray Crane Construction Company and Ray Crane, Jr., a plumbing company and the holder of a plumbing license. Wilson built a house which was sold to the Maltagliatis and Crane and Crane Construction, Inc., did the plumbing on that house and others in the neighborhood.
The plaintiffs' have brought suit against the defendants alleging that in the construction of the house lead solder was used which contaminated the potable water utilized by the plaintiffs causing damage to them.
The revised complaint contains nine counts. The first four are against Wilson and the balance against Crane and Crane Construction, Inc. Counts five, eight, and nine are labeled as "Class Action" counts and counts six and seven, although not labeled as "Class Action" counts, incorporate the "Class Action" allegation contained in the fifth count. The seventh count alleges strict liability.
The defendants, Crane and Crane Construction, Inc., have brought a Motion to Strike counts five, six, seven, eight and nine on the grounds that these counts fail to state claims upon which relief can be granted alleging that they are insufficient because the plaintiffs fail to allege the necessary requirements to assert a class action lawsuit citing Practice Book sections9-7 and 9-8. In addition they allege that the seventh count is also insufficient in that there is no allegation that the use of lead solder is an abnormally dangerous activity.
The motion to strike was dated May 21, 1998. On June 12, 1998, the plaintiffs filed an objection to the motion to strike. On June 30, 1998, the court denied the motion. (The court did not grant the motion. A notice to that effect was sent in error.) CT Page 12278
Because of confusion as to the decision of the court and because the motion to strike was based on two grounds and the court failed to issue a written memorandum as required by the Practice Book, both parties sought reconsideration. This was granted by Judge Rittenband with agreement of the parties and approved by the undersigned.
This court herewith vacates its opinion dated June 30, 1998, with respect to the motion to strike. The court has heard sufficient oral argument and has proceeded on the information before it.
 I. STANDARD FOR MOTION TO STRIKE
"The function of a motion to strike is to test the legal sufficiency of a pleading; it admits all facts well pleaded."Napaletano v. CIGNA Healthcare of Connecticut, Inc.,238 Conn. 216, 232, 680 A.2d 127, cert. denied, 117 S.Ct. 1106, 137 L.Ed.2d 308 (1997). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp. , 240 Conn. 576, 580, 693 A.2d 293 (1997). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992).
 II. REQUIREMENTS FOR A CLASS ACTION
On May 22, 1998, the defendants filed a motion to strike counts five, six, seven, eight and nine of the plaintiffs' revised complaint on the ground that "the plaintiffs have failed to allege the necessary requirements to assert a class action lawsuit."
Certification of a class action is governed by Practice Book § 9-7 (formerly § 87) which provides that "[o]ne or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses CT Page 12279 of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Practice Book § 9-7 (formerly § 87); Arden v. Auto Ins. Co. ofHartford, Connecticut, 23 Conn. App. 585, 588-89, 583 A.2d 152
(1990). Practice Book § 9-8 (formerly § 88) provides that "[a]n action may be maintained as a class action if the prerequisites of Section 9-7 are satisfied and the judicial authority finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."
"The requirements of Section 87 [now § 9-7] must be met before a class action can go forward, which can only mean that to state a cause of action as a class action, the requirements must be met in the complaint." Calm v. Morris, Superior Court, judicial district of New Haven, Docket No. 371332 15 CONN. L. RPTR. 520 (November 9, 1995, Zoarski, J.). "A motion to strike may be used to test the sufficiency of allegations establishing the propriety of a class action." Saphir v. Neustadt,37 Conn. Sup. 46, 48, 429 A.2d 972 (1980).
In Saphir v. Neustadt, supra, the court granted a motion to strike the plaintiff's complaint because the plaintiff did not allege the necessary requirements for a class action. Id., 48. The complaint "merely allege[d] that `the plaintiffs represent in this action themselves and other members of a class.'" Id., 49. The court granted the motion to strike the class action allegation because it found the allegation "insufficient." Id.
See also Humiston v. Town of Southbury, Superior Court, judicial district of Waterbury, Docket No. 133244 18 CONN. L. RPTR. 489 (January 16, 1997, Pellegrino, J.) (denying a motion to strike because the plaintiff's complaint alleged that "joinder is impracticable; that the plaintiffs will adequately prosecute and protect the interests of the class; that the questions of law or fact common to the members of the class predominate . . .; and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy");Calm v. Morris, supra, Superior Court, Docket No. 371332 15 CONN. L. RPTR. 520 (granting a motion to strike because the plaintiff's complaint failed to allege that "the class is too numerous and joinder is impracticable").
In the present action, the plaintiffs have failed to allege any of the requirements for a class action set forth in Practice CT Page 12280 Book §§ 9-7 and 9-8 (formerly §§ 87 and 88). The defendants' motion to strike counts five, six, seven, eight and nine is granted.
 III. STRICT LIABILITY (COUNT SEVEN)
In their May 22, 1998 motion to strike, the defendants argue that count seven of the plaintiffs' complaint is insufficient because a violation of General Statutes § 25-39e does not create a private cause of action sounding in strict liability. The defendants further argue that the plaintiffs have failed to allege sufficient facts to state a common law strict liability action.
In Gore v. People's Savings Bank, 235 Conn. 360,665 A.2d 1341 (1995), the Supreme Court addressed the issue of whether violations of General Statutes §§ 47a-7, 47a-8 and 47a-54f
give rise to a claim based on strict liability. In that case, the plaintiffs alleged that the defendant-landlords were strictly liable for injuries caused by exposure to lead-based paint pursuant to the statutes requiring landlords to maintain rental premises in a safe and habitable condition (§§ 47a-7 and47a-54f) and the statute specifically providing that the presence of lead-based paint renders a dwelling unit unfit for human habitation (§ 47a-8). Id., 362-63. The Court held that violations of these statutes do not impose strict liability on landlords. Id., 372.
In Gore, the Supreme Court noted the distinction between negligence per se and strict liability. "Negligence per se operates to engraft a particular legislative standard on to the general standard of care imposed by traditional tort law principles . . ." (Internal quotation marks omitted.) Id., 376. "In cases involving the doctrine of negligence per se . . . the defendant ordinarily may avoid liability upon proof of a valid excuse or justification." Id.
"On the other hand, some statutes that create a standard of care the violation of which constitutes negligence per se do not permit a defendant to avoid liability on the basis of an excuse. `Such statutes in reality result in strict liability . . .' Nonetheless, `[m]ost legislative enactments . . . receive no such strict construction.'" Id., 377, quoting 2 Restatement (Second), Torts § 288A comment (d) (1965). CT Page 12281
The Supreme Court held that the landlord-tenant statutes in question did not provide for strict liability simply because the statutes did not specifically provide for excuses. Id., 382. "A court's interpretation that a statute provides for negligence per se ordinarily does not lead to the further conclusion that the statute prohibits excuses." Id., 382. "Although the plaintiffs point to the language of §§ 47a-7 and 47a-8 and their legislative histories as indicating a legislative intent to provide strict liability, [the court could] discern no such legislative intent." Id., 383. "[T]he legislature knows how to create strict liability when it chooses to do so . . . [and] there is nothing to indicate that it chose to do so in this case." Id., 389. Thus, the Supreme Court held that violations of §§ 47a-7, 47a-8 and 47a-54f do not impose strict liability on landlords. Id., 372. See also Ammerman v. Johnson, Superior Court, judicial district of Waterbury, Docket No. 121129 15 CONN. L. RPTR. 299 (October 24, 1995, Vertefeuille, J.) (holding that a violation of General Statutes § 14-80h
does not give rise to a claim based on strict liability).
Application of this same reasoning to the statute in the present case, General Statutes § 25-39e, results in the conclusion that a violation of the statute does not give rise to a cause of action in strict liability. Section 25-39e does not expressly preclude excuses or justifications for a violation of the statute. Furthermore, an examination of the legislative history of § 25-39e does not reveal a legislative intent to create a cause of action based on strict liability. In the court's opinion a violation of § 25-39e does not give rise to a claim based on strict liability. The defendants' motion to strike count seven of the plaintiffs' complaint is granted.
Hale, J.T.R.