[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff filed a five count complaint dated February 11, 2000. Counts I, II and III stem from the termination of plaintiff's employment. Counts IV and V, brought pursuant to Connecticut wage payment laws, C.G.S. § 31-71 et seq., purport to establish a class action claim by CT Page 8519 the plaintiff individually and on behalf of over one thousand employees nationwide. The defendant has moved to strike counts IV and V ("the class action counts") claiming that the individuals employed outside of Connecticut have no cause of action under the Connecticut wage payment laws. The defendant further argues that the plaintiff is not an adequate representative of the class given his unique and independent causes of action regarding his termination. The plaintiff argues that the motion to strike is premature and the defendant's arguments should not be considered until the plaintiff moves for class certification. The plaintiff also argues that he has sufficiently alleged a class action and the motion to strike should accordingly be denied.
The purpose of a motion to strike is to test the legal sufficiency of the pleadings. Peter Michael, Inc. v. Sea Shell Associates, 244 Conn. 269,270, 709 A.2d 558 (1998). In examining the legal sufficiency of the plaintiff's complaint, the court assumes the truth of the facts alleged and construes them in the light most favorable to sustaining the sufficiency of the complaint. Bouchard v. People's Bank, 219 Conn. 465, 467 (1991). A motion to strike admits all facts well pleaded, but does not admit legal conclusions. Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985). In deciding a motion to strike, the trial court takes the facts alleged in the complaint as true and cannot consider any facts not alleged therein,Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348 (1990).
Certification of a class action is governed by Practice Book § 9-7
(formerly § 87) which provides that "[o]ne or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Arden v. AutoIns. Co. of Hartford, Connecticut, 23 Conn. App. 585, 588-89, 583 A.2d 152
(1990). Practice Book § 9-8 provides that "[a]n action may be maintained as a class action if the prerequisites of Section 9-7 are satisfied and the judicial authority finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."
"The requirements of practice book § 9-7 must be met before a class action can go forward, which can only mean that to state a cause of action as a class action, the requirements must be met in the complaint."Calm v. Morris, Superior Court, judicial district of New Haven, Docket No. 371332 15 CONN. L. RPTR. 520 (November 9, 1995, Zoarski, J.). "A CT Page 8520 motion to strike may be used to test the sufficiency of allegations establishing the propriety of a class action." Saphir v. Neustadt,37 Conn. Sup. 46, 48, 429 A.2d 972 (1980).
Although the plaintiff has alleged the requisite class action elements enumerated in the practice book, these allegations are merely conclusory and are not supported by factual underpinnings. The plaintiff seeks to bring a class action pursuant to Connecticut wage payment laws on behalf of individuals employed outside the state of Connecticut. Individuals employed outside the state of Connecticut are subject to wage payment laws of the states in which they are employed and are not afforded the protection of the Connecticut statute. "Commonality is satisfied where the question of law linking the class members is substantially related to the resolution of the litigation even though the individuals are not identically situated." Marr v. WMX Technologies, Inc., 244 Conn. 676, 682
(1998). Although the plaintiff alleges that there are questions of law or fact common to the class members, the claims of many of the purported class members do not arise from the same legal or remedial theory. Although the plaintiff identifies questions of fact common to the purported class members, the potential number of differing legal and remedial theories implicated by the inclusion of out of state employees in the class makes it facially plain that common issues among the purported class members do not predominate. The claim of commonality of the plaintiff therefore fails as it is unsupported by and inconsistent with the facts alleged in his complaint.
The motion to strike is granted.[1]
Thomas A. Bishop, J.